### 4793.   GLASS *v.* LOWRY NATIONAL BANK.

RUSSELL, J.   There being no evidence offered in support of the defendant's plea that the note sued on was without consideration, it was immaterial whether the plaintiff's purchase of the note was before or after maturity; and for this reason the court did not err in directing a verdict in favor of the plaintiff.                    *Judgment affirmed.*

DECIDED SEPTEMBER 23, 1913.

Complaint; from city court of Atlanta—Judge Reid.   January 25, 1913..

*T. C. Battle,* for plaintiff in error.
*Tindall & Silverman,* contra.

---

### 4799.   ELROD *v.* M. C. KISER COMPANY.

RUSSELL, J.   1. Where a debtor sends to his creditor a check which contains a statement to the effect that it is to be applied in full settlement of all accounts and notes due by the debtor (and as to the amount of which indebtedness the parties are in dispute), the creditor's acceptance and collection of the check will operate as a full settlement and satisfaction of all accounts and notes owing the creditor by the debtor previous to that date. *Bass Dry Goods Co.* v. *Roberts Coal Co.,* 4 *Ga. App.* 520 (61 S. E. 1134); *Wilcox* v. *Rogers,* 13 *Ga. App.* 410 (79 S. E. 219).
2. This being a suit upon a promissory note, and the only defense filed by the defendant being that of accord and satisfaction, by reason of the fact that the plaintiff had accepted and collected a check containing a condition such as that above mentioned, and there being no evidence offered in support of that defense, it was error to charge the jury in substance that the defendant could not prevail unless he showed that the note sued on had been paid, and to omit to give in charge the principle announced in the preceding headnote.                *Judgment reversed.*

DECIDED SEPTEMBER 23, 1913.

Complaint; from Hart superior court—Judge Meadow.   January 31, 1913.

*Skelton & Skelton,* for plaintiff in error.
*James H. Skelton,* contra.