### 5248. DONALSON *v.* NORMAN.

ROAN, J. 1. Where a certain sum of money is tendered by a debtor to a creditor, with the statement that it is in full satisfaction of a demand, the sum due being in dispute, the creditor must either refuse the tender or accept it in full satisfaction of the claim. If he accepts it, he accepts the condition also, notwithstanding any contention he may make to the contrary. See *Redmond & Co.* v. *Atlanta & Birmingham*

*Air-Line Ry.*, 129 *Ga.* 133; *Wilcox, Ives & Co.* v. *Rogers*, 13 *Ga. App.*
410 (79 S. E. 219); *Elrod* v. *Kiser Co.*, 13 *Ga. App.* 471 (79 S. E. 375).
2. Applying the principles above stated, a verdict in defendant's favor was
demanded by the evidence, and the court erred in overruling his motion
for a new trial.                                                *Judgment reversed.*

DECIDED JANUARY 20, 1914.

Complaint; from city court of Bainbridge—Judge Spooner.
August 16, 1913.

Norman sued Donalson for $100 and interest, alleging that Donalson employed him for one year as superintendent of a farm, agreeing to pay him $600 for his services, and that the services were rendered as agreed, but that Donalson paid him only $500 and refused to pay the remainder of the $600. The defendant in his answer denied that he agreed to pay $600. He alleged that the sum he agreed to pay was $500, and that of this sum there was due at the end of the term of employment $170, which he paid to the plaintiff, and which was accepted in full settlement. The verdict was against the defendant, and in his motion for a new trial, the refusal of which is assigned as error, it is alleged that the verdict was contrary to the evidence.

At the trial the plaintiff testified that the services were performed under an agreement that the defendant was to pay him $600 for the year, as alleged; and he further testified as follows: "When we met to have a settlement at the end of the year, Mr. Donalson lacked $270 of having paid me $600. He handed me $170 in cash when we met to have the settlement, 'and I told him he owed me $100 more, as he had agreed to pay me $600 for the year's work. He said I was mistaken, as he had only agreed to pay me $500 a year, and not $600 for the year, or $50 a month as I contended. We had some little talk about the matter, but he refused to pay me more than the $170, and finally I took it, as I needed the money and had to use it, but I told Mr. Donalson that he owed me $100 more; he denied this and said that the $170 was all that was due me." The defendant testified: "We had positively agreed that he [the plaintiff] was to receive $500 for his year's work, but when he came to my house . . for a settlement and I tendered him the amount he was due, which was $169.85, to my surprise he stated that I had agreed to pay him $600. . . I could not make the exact change, so I gave him $170. . . He took the money, and, while at first he claimed that I owed him $100 more, when he took the money he seemed to be satisfied. I explained to him

that he could have no possible grounds to imagine that I had agreed to pay him more than $500 for the year; and while he said that I owed him more, he said that if I would not agree to pay him more than the $170, he would have to take it, but he claimed I still owed him $100. We shook hands and exchanged a few pleasant words and he left my house. . . I had no idea that he was still claiming that I owed him more until . . I was notified that he intended to sue me. This was almost a year afterwards."

*Erle M. Donalson,* for plaintiff in error.

*A. E. Thornton,* contra.