### 7166. McClendon v. Minter.

Russell, C. J. 1. A plea setting up the defense that a promissory note given as evidence of a pre-existing debt (the justness of which was not denied) was void, because, as alleged, the defendant would not have executed the note but for a promise on the part of the payee to "run him" the next year, was properly stricken, since there was no allegation that the defendant was injured or damaged by the written promise to pay his debt. The ruling is controlled by the decision of this court in *Bowen* v. *Waxelbaum*, 2 *Ga. App.* 521 (2), 522 (58 S. E. 784). Reasonably construed, the plea admitted that at the time the defendant gave the note he owed the plaintiff on an account, and the plea failed. to show how the defendant was injured or damaged by his written promise to pay what he in fact owed. "The defendant was under no duty to execute the note, but he was under a duty to pay the debt; and unless his written promise 'deprived him of some legal right, or in some way injured him, he has no right to complain. He does not allege how the giving of the note injured or damaged him. Admitting. that the plaintiff did make the promises set out in the plea, they constituted no fraud in any legal or equitable sense. A sufficient defense can not be predicated upon fraud, unless such fraud results in some injury. Both fraud and injury must exist, to invalidate a written contract. The principle of damnum absque injuria applies." *Bowen* v. *Waxelbaum*, supra. And see *Austell* v. *Rice*, 5 *Ga.* 472; *Strickland* v. *Parlin & Orendorf Co.*, 118 *Ga.* 213 (4), 218 (44 S. E. 997). See also *Hargroves* v. *Nix*, 14 *Ga.* 316.                    *Judgment affirmed.*

Decided May 31, 1916.

Complaint; from city court of Monticello—Judge Thurman. December 27, 1915.

*Greene F. Johnson,* for plaintiff in error.

*Eugene M. Baynes,* contra.