In our original opinion in this matter we reversed the Court of Appeal, for the sole reason that in its opinion it ruled out parol evidence to show the true consideration that induced the defendant to give the note sued on, i.e., the verbal agreement topay a less amount than the face value of the note, plaintiff having inherited it from Goldsmith and, therefore, subject to the equities between the maker and the payee. We remanded the case to the Court of Appeal in order that it might consider and pass upon the parol evidence offered by the defendant touching on the verbal *Page 131 
agreement between defendant and Goldsmith, payee. This matter is now before us on rehearing.
The only assignments of error made to our original opinion by counsel for applicant are that:
"1. The Court is in error in holding that parol evidence which directly contradicts an express provision of a written instrument is admissible to show the `real consideration.'
"2. The Court is in error in holding that failure of consideration is the defense involved in this suit, as the consideration for the execution of the note was the delivery of insurance policies aggregating the principal sum of $50,000, receipt of which defendant acknowledges."
In support of the first assignment of error, counsel cite Dickson v. Ford et al., 38 La. Ann. 736; Reimers v. Hebert, 7 La. App. 56, 58; Brewer v. New Orleans Land Co., 154 La. 446, 97 So. 605; Loranger v. Citizens Bank, 162 La. 1054, 111 So. 418; and Bowen v. E.A. Waxelbaum Bro., 2 Ga. App. 521, 58 S.E. 784. These cases involve the well-established rule of law that parol evidence is inadmissible to vary or contradict a written contract or agreement.
These authorities are inapplicable because the agreement in the instant case is a verbal one and neither the note nor the insurance policies alone constitute the agreement but are the result of the main agreement which is verbal.
Counsel fell into the same error on the second assignment of error in their contention that the delivery of the insurance policy was *Page 132 
the sole consideration of the note sued on, for, in their brief, counsel say:
"We concede that a party may by oral evidence establish the `real consideration of a contract,' but that such evidence may be introduced only in those cases in which the `real consideration' is either not expressed in the written instrument or is ambiguous."
In the case at bar we do not have a "written instrument" to establish the contract; the contract was a verbal one as alleged in defendant's answer, that is, the execution of the note for the sum of $1,757.75 for the delivery of life insurance policies aggregating $50,000, with the understanding that, if defendant's finances would not permit the payment of premiums on such policies, as he greatly doubted at the time, Mr. Goldsmith, payee of the note, would charge him only the exact amount that he had to pay to the insurance company. In other words, Mr. Goldsmith would remit his commission.
All the cases cited by counsel in support of the second assignment of error relate to evidence in connection with instruments evidencing written contracts and, therefore, are not applicable to the instant case.
Under the provisions of Act No. 64 of 1904, § 58, a negotiable instrument "in the hands of any holder other than a holder in due course, * * * is subject to the same defences as if it were non-negotiable."
The plaintiff in this suit, having obtained the note by inheritance, is not a holder in due course and only has such rights as the payee of the note himself had. That being so, the defendant can avail himself of the *Page 133 
defenses authorized under Act No. 64 of 1904.
"Sec. 16. * * * As between immediate parties * * * the deliverymay be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." (Italics ours.)
"Sec. 28. Absence or failure of consideration is a matter of defence against any person not a holder in due course; andpartial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." (Italics ours.)
The case at bar presents a situation as contemplated in sections 16 and 28. The contract and agreement being verbal, parol evidence is admissible to establish the contents thereof and to show that the delivery of the note was conditional and there was a partial failure of consideration.
There are a long line of decisions holding that the uncorroborated testimony of a single witness to establish a claim or right against a deceased person is the weakest kind of evidence. But this rule affects the weight of the evidence and does not govern its admissibility.
We conclude that our original opinion is correct, and it is, therefore, reinstated and made final.
ODOM, J., concurs in the results on the ground that the pleadings show that there was a conditional delivery of the notes. Section 16, Negotiable Instruments Law (Act No. 64 of 1904). *Page 134