24761. HOOKER-BASSETT FURNITURE COMPANY *v.* GEORGIA HARDWOOD LUMBER COMPANY.

DECIDED MARCH 21, 1936.  REHEARING DENIED MARCH, 31, 1936.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*Bussey & Fulcher,* contra.

STEPHENS, J.  Georgia Hardwood Lumber Company sued out an attachment against Hooker-Bassett Furniture Company, a Virginia corporation.  In the declaration it was alleged that the defendant owed the plaintiff a balance of $549.44 on an account for lumber which the plaintiff had sent to the defendant, at various times and in various amounts, in compliance with two contracts, one of which was for six carloads of 4/4 and the other for two carloads of 8/4 sap gum lumber.

In the answer of the defendant the account was denied.  It was alleged that the plaintiff had contracted to furnish 100,000 feet of the 4/4 and 35,000 feet of the 8/4 lumber, and had broken the contracts by failing and refusing to ship 26,254 feet, that the plaintiff refused to complete the order because the lumber had increased in market value, on account of which defendant was entitled to a credit of $1050.16, that the defendant had rendered a statement to the plaintiff, accompanied by a letter and a check for

$668.61 to cover the balance due by the defendant on the account, "said check having been tendered in full settlement of said contract, and said check having been accepted and cashed" by the plaintiff, and an accord and satisfaction having been made, the defendant is entitled to a credit of $525.08 damages for the plaintiff's failure to ship all of the lumber. Copies of the statement and letter referred to were attached to the answer as exhibits. The statement which was dated August 13, 1933, was addressed to Georgia Hardwood Lumber Company and began with these words "We enclose check in payment of the following invoice." Then followed a list of seven cars by number with the amount due on each car. The total amount which the defendant charged itself with was $2111.11. Two deductions were made, one being a discount of 2% $24.36, the other reading "less $20 per M on 26,254 not shipped $525.08." The statement concluded thus: "In case of error return this statement." The letter dated August 4, 1933, read as follows: "We enclose herein settlement for all lumber you have shipped us and we have held back $525.08, this being $20 per M on the unshipped footage due us on 4/4 Common and Better Plain Sap Gum and 8/4 Quartered Common and Better Sap Gum. We find you are still due us 12,903 feet 4/4 Sap Gum to bring your shipments up to 90,000 feet, which are six cars, and you are due us 13,351 feet of 8/4 to bring your total shipments up to 35,000 feet which our order called for. If you ship this lumber between now and September 1st, we will be glad to send you our check for the $525.08, but if you do not ship it by September 1st, we are going to consider the order completed and keep this difference to make up for the additional price we will have to pay for this lumber on the open market."

On the trial the jury found for the plaintiff the amount sued for. The defendant moved for a new trial and the motion was overruled.

The evidence was quite voluminous, but only so much of it as related to the defendant's plea of accord and satisfaction need be stated. In support of this plea, the defendant introduced the statement of account and the letter, copies of which, as exhibits to the answer are set out above. The defendant also introduced the check for $668.61, dated August 3, 1933, payable to the order of Georgia Hardwood Lumber Company, signed by Hooker-Bassett Furniture Company. On the left-hand lower corner of the

check was written "For a/c." It was indorsed by Georgia Hardwood Lumber Company to the order of a bank in Augusta, Georgia, and after passing through several banks was marked "Paid 9-13-33." There was no evidence that the plaintiff ever answered the defendant's letter or ever made any kind of complaint about it at any time until the suit was commenced on October 18, 1933, about two months and a half after the letter was written. There was uncontradicted testimony that the check was sent with the letter. The statement, the letter and the check when taken together clearly show that the defendant made to the plaintiff an offer of compromise of the differences that had arisen between them. The plaintiff was claiming or acting as if it had not contracted to sell the defendant any certain quantity of lumber, but only six cars on one order and two cars on the other, with the option of loading each car with any quantity from 10,075 to 17,388 feet. On this basis, the plaintiff could have furnished in six cars any quantity from 60,450 to 102,000 feet. The defendant was claiming that one of its orders was for 100,000 the other for 35,000 feet. Actually the plaintiff furnished 77,097 feet on the larger order and 21,649 feet on the smaller one. The letter has compromise written all over the face of it. The check bore the inscription "For a/c." The plaintiff undertook to give this the meaning "on a/c." These expressions are not the same in meaning. "For" has several meanings, but "on" is not one of them. Sometimes "for" indicates that for which a substitute, equivalent, compensation, or the like, is offered or made. This evidently is the sense in which the word was used on the check, since the accompanying statement said "We enclose check in payment of the following invoice," and the invoice includes all the items in the account sued on. The letter also says: "We herein enclose settlement for all lumber you have shipped us." That is, it was a proposition of settlement. The plaintiff could not accept a part of this proposition and reject the remainder. Secret intention, or mental reservation, could not prevent acceptance from being full and final. By accepting the check under the circumstances shown by the uncontradicted evidence, the plaintiff made a full settlement with the defendant on the terms offered by the defendant.

There was no evidence tending to show that the defendant's claim to compensation for the plaintiff's failure to deliver all the lumber

contracted for was in bad faith or frivolous. On the contrary, the evidence showed ample grounds for a substantial controversy between the parties. It was contended by the defendant that the only order which the plaintiff had for the larger part of the lumber called for 100,000 feet, but the plaintiff shipped only 77,097, and that this order attached to the petition was the one on which the plaintiff acted, although the petition alleges that it was qualified by information to the broker who negotiated the sale that only six cars would be shipped. The plaintiff might have been able to get the order changed or get a new order from the defendant for six cars instead of 100,000 feet, but it did not do so. As to the smaller order, which was originally for 5 cars (75 M) and was reduced to 2 cars, the defendant contended that there was notice on the face of the order that the cars would be expected to average 15,000 feet—yet in the two cars shipped by the plaintiff there were only 21,649 instead of 30,000 feet.

It is settled that it is not necessary for a party pleading an accord and satisfaction to show that he had a meritorious claim. Of course, a merely pretended claim would not suffice. The plaintiff in accepting and cashing the check of the defendant settled its account as effectually as if it had signed a receipt in full. The evidence demanded a verdict for the defendant, and the court erred in overruling the defendant's motion for new trial. Code of 1933, § 20-1204; *Bass Dry-Goods Co.* v. *Roberts Coal Co.*, 4 *Ga. App.* 520 (61 S. E. 1134); *Riley & Co.* v. *London Guaranty &c. Co.*, 27 *Ga. App.* 686 (1 d) (109 S. E. 676); *Edwards Bottling Works* v. *Jarnagin*, 11 *Ga. App.* 162, 163 (74 S. E. 1004).

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*