27426. WHATLEY *v.* TROUTMAN *et al.*

*Homer Beeland,* for plaintiff.    *C. B. Marshall,* for defendants.

SUTTON, J.    T. Whatley sued Douglas Troutman and T. L. Ruffin on a note for $90.95, which was executed by Troutman to Ruffin and indorsed by Ruffin and was purchased by the plaintiff from the receiver of the First National Bank of Reynolds, Georgia, together with other notes.    T. L. Ruffin filed an answer in which he set up that on March 12, 1937, he had a full and complete settlement of all of his indebtedness to the plaintiff on notes purchased by him from the receiver of said bank.    No answer was filed by Douglas Troutman.    The record shows that the attorney for T. Whatley notified Ruffin that he held for collection a note for $636.83, signed by Ike Gooch to T. L. Ruffin and indorsed by Ruffin.    This was one of the notes purchased by the plaintiff from the receiver of the bank.    The defendant called on the plaintiff, and there were some negotiations between them with reference to settling the defendant's liability on the Gooch note, and the defendant told the plaintiff he would see his lawyer about it.    A few days later the defendant again called on the plaintiff, at which time a settlement was had between them, and the defendant gave the plaintiff the following check:

"Reynolds, Georgia.    March 12, 1937.

"Citizens State Bank.

"Pay to the order of T. Whatley    $50.00    fifty and no/100 dollars For full settlement of all notes held against T. L. Ruffin as maker or endorser.                    [Signed]    T. L. Ruffin."

The plaintiff gave the defendant the following receipt:

"March 12, 1937.    Received of T. L. Ruffin fifty dollars and no/100 ($50.00) in full of all accounts and notes held by me, due on the old First National Bank of Reynolds, Ga., and all endorsements by T. L. Ruffin.                    [Signed]    T. Whatley."

The receipt and the check were introduced in evidence by the

defendant. The defendant testified: "I had a full and complete settlement with T. Whatley, by which I paid T. Whatley the sum of $50 in full and complete settlement of all claims held by T. Whatley against me that had been purchased from the First National Bank of Reynolds, Georgia. I took a receipt reciting that it was in settlement of all claims due T. Whatley from the purchase of the old First National Bank of Reynolds and all indorsements by me. . . Thurman Whatley, plaintiff, told me that [his attorney] would not agree to accept $40, but that he had decided that if I would make it $50 that he would give me a clear receipt for all claims and indorsements that he held on the notes purchased by him from the First National Bank. And then I wrote the check for the $50 and turned it over to him and took that receipt." He testified that the Troutman note was not mentioned by either of them.

The plaintiff testified: "I told him [the defendant] that I believed I would settle with him for $50. I hadn't seen Homer [plaintiff's attorney], but settled all the claims with him that I got from the First National Bank. I would take the bull by the horns and give him a receipt for $50, as he testified to a while ago, and I wrote him a receipt as he introduced, which says a settlement of all old First National Bank claims which were indorsed by him. There was nothing said about the Douglas Troutman note, for I didn't know he was an indorser on that note; but I believe we did mention a Will Harvey note which I intended this settlement to cover. If he had said anything about including the Douglas Troutman note, I probably would have let that go in the settlement also. I don't say I wouldn't, but it was not mentioned by either of us; and, as I said a while ago, I did not know at that time he had indorsed the Douglas Troutman note. . . My offer to him was to take $50 in full settlement of all claims against him on these old notes of the First National Bank and wipe the slate clean. He paid me the $50 by check, and I gave the receipt, both of which was introduced in this case. I know he has indorsed some notes. I remember Ike Gooch note and Will Harvey note. I didn't know at that time he had indorsed the Douglas Troutman note. If I had, it probably would make no difference, and I probably would have included it in the settlement."

The jury returned a verdict in favor of the plaintiff against

Troutman, and released T. L. Ruffin. The plaintiff's motion for new trial was overruled, and he excepted.

The question for determination is whether the note sued on was included in the settlement between the parties. If from the evidence the jury could have legally found that it was, then the judgment overruling the motion for new trial must be affirmed. The plaintiff had purchased a number of notes from the receiver of the defunct First National Bank of Reynolds, some of which bore the indorsement of the defendant, T. L. Ruffin. The plaintiff's attorney notified this defendant to pay one of these notes, the Ike Gooch note for $636.83, above mentioned; and this brought about negotiations between the plaintiff and the defendant, which terminated in the settlement between them. To determine the question here presented we must look to the evidence, which consists of the check, the receipt, and the testimony of the plaintiff and the defendant. The written evidence of the settlement, the check and the receipt, covered and included the note sued on, because the $50 check stated that it was "for full settlement of all notes held against T. L. Ruffin as maker or endorser," and the receipt therefor, which was written and signed by T. Whatley, recited that the $50 was "in full of all accounts and notes held by me, due on the old First National Bank of Reynolds, Ga., and all endorsements by T. L. Ruffin." These silent witnesses, without more, included this note beyond question; for it was indorsed by T. L. Ruffin, was held by Whatley, and was one of the notes purchased by him from the old First National Bank of Reynolds. Ruffin testified that the $50 was in full and complete settlement of all claims held by Whatley against him that had been purchased from said defunct bank; that Whatley told him if he would pay $50 he would give him a clear receipt for all claims and indorsements which he held against him on notes purchased from the old First National Bank, and the defendant then gave him the $50 check and took the receipt above referred to. The plaintiff testified that he told the defendant he would take the bull by the horns and settle with him for $50 for all the claims that he got from the old First National Bank, and that the defendant then gave him the $50 check, and he gave the defendant the receipt introduced in evidence; that the note sued on was not mentioned, but, if it had been, he probably would have let it go in the settlement; that "my offer to him was to take the $50 in full set-

tlement of all claims against him on those old notes of the First National Bank and wipe the slate clean." So it seems from the evidence of both the plaintiff and the defendant, as well as from the check and the receipt, that it was the intention of the parties that the $50 was to be in full and complete settlement of all claims held by the plaintiff against the defendant on account of the notes purchased by the plaintiff from the old First National Bank of Reynolds, Georgia. And it is contended by the defendant that the settlement was a complete accord and satisfaction of all such claims held against him by the plaintiff.

"Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code, § 20-1201. "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." § 20-1204. In the present case the $50 was paid and accepted, the receipt was given, and the transaction was closed. It was an executed contract, and was binding on the parties. See *Brown* v. *Ayer*, 24 *Ga.* 288 (3), 294; *Tyler Cotton Press Co.* v. *Chevalier*, 56 *Ga.* 494 (5); *Burgamy* v. *Holton*, 165 *Ga.* 384, 397 (141 S. E. 42). Under the law and the evidence the jury was authorized to find that the note sued on was included in the settlement between the parties. No error of law appears. Consequently the court did not err in overruling the plaintiff's motion for new trial. The cases cited by the plaintiff in error have been carefully examined, and they do not require a holding different from the one herein made.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*