27989. DAVID D. DONIGER & COMPANY *v.* BRIGGS.

DECIDED FEBRUARY 15, 1940.

*Langdale, Smith & Tillman,* for plaintiff in error.
*Franklin & Eberhardt, O. W. Franklin Jr.,* contra.

SUTTON, J. This was an attachment proceeding by W. H. Briggs against David D. Doniger & Company. The plaintiff was employed by the defendant as a salesman in certain territory from May 1, 1937, to April 1, 1938, and was entitled to certain commissions on the sale of goods during that period. It was alleged in the declaration in attachment that the defendant owed the plaintiff $2800 on an account for such commissions. It was further alleged that on or about April 1, 1938, a dispute arose between these parties as to the amount of commissions due the plaintiff, and on April 27,

1938, during the existence of said dispute, the defendant mailed to the plaintiff a statement showing, as contended by the defendant, the amount of sales in the stipulated territory, the amount of commissions earned thereon, the credits on such commissions, and the balance due the plaintiff on April 1, 1938, to wit, $283.84. A check for this amount was enclosed with the statement to the plaintiff by the defendant. On May 5, 1938, the plaintiff wrote the defendant "I am returning herewith the check enclosed as the statement is incorrect in numerous instances. You list a $100 drawing in April, and I did not receive a check that month." On May 10, 1938, the defendant wrote to the plaintiff acknowledging the error of $100 and enclosed a check for that amount, and also returned the check for $283.84, contending in the letter that there were no other errors in the statement and explaining to the plaintiff wherein he was mistaken, the letter ending as follows: "This is as far as we can go in the matter. We have given you everything that is rightfully yours." There was endorsed on the check for $283.84 the following: "Paid in full for all commissions due up to April 1, 1938, including April drawings." On receipt of said letter and checks the plaintiff added to the endorsement on the $283.84 check the following: "Based on statement of April 27, 1938." The endorsement on this check as thus changed read: "Paid in full for all commissions due up to April 1, 1938, including April drawings. Based on statement of April 27, 1938." The plaintiff then endorsed this check and deposited it, together with the one for $100, in the bank and both checks were duly paid. At the time the plaintiff did this he wrote the defendant that the $283.84 check was "being used with the understanding that it is in settlement of commissions based upon statement rendered . . ," but contended that defendant was "in error with reference to other commissions." It was then alleged that the dispute between the parties was not bona fide, "because the plaintiff in error had possession of all of the books and records from which could be determined the amount of sales in the territory and could have determined the amount of commissions earned by defendant in error by simple calculation, and being in that position knew, or by the exercise of reasonable diligence should have known, that the statement referred to was incorrect and that the checks were insufficient, and that because of this situation plaintiff in error did not make its offer of settlement

in good faith, and the acceptance of the offer by the defendant in error did not, therefore, amount to an accord and satisfaction." The defendant demurred to the declaration on the grounds: (1) that no cause of action was set out; (2) that it affirmatively appeared from the declaration that there had been a complete accord and satisfaction of the cause sued on. The court overruled the demurrer and the defendant excepted.

1. The question presented for determination is whether or not the declaration in attachment shows on its face an accord and satisfaction between the parties. "Where the amount of a debt is unliquidated or disputed, and the debtor tenders his check for a less amount, containing the statement that it is 'in full of all demands against' the maker, and the creditor accepts the check, indorses it, and collects and retains the money, there is a valid accord and satisfaction, although the creditor, at the time of receiving the check, protests to the debtor that he does not accept it in full payment, but accepts it 'only as a credit on account.' (a) This ruling is not altered by the fact that, in a letter sent to the debtor on receipt of the check, the creditor, after stating that he accepts it 'only as a credit on account,' adds: 'Please advise promptly or stop payment on the check, if this is not satisfactory;' and that, after holding the check for two weeks without any reply from the creditor, he cashes it and uses the money. (b) It is immaterial that the creditor, after receiving the check, erases therefrom, without the consent of the debtor, the words 'in full of all demands against' the maker." *Ryan* v. *Progressive &c. Co.*, 16 *Ga. App.* 83 (84 S. E. 834). See also *Riley & Co.* v. *London Guaranty &c. Co.*, 27 *Ga. App.* 686 (109 S. E. 676); *London Guarantee & Accident Co.* v. *Riley & Co.*, 32 *Ga. App.* 579 (124 S. E. 142); *Pan-American Life Ins. Co.* v. *Carter*, 57 *Ga. App.* 294 (195 S. E. 326); *Redmond* v. *Atlanta & Birmingham Air-Line Ry.*, 129 *Ga.* 133 (58 S. E. 874).

The declaration showed that a dispute existed between the parties as to the amount of commissions owed by the defendant to the plaintiff, and that during the existence of this dispute the defendant mailed to the plaintiff a check in full settlement of all commissions due the plaintiff, as contended by the defendant, the check having the following endorsed thereon: "Paid in full for all commissions due up to April 1, 1938, including April drawings," and that the plaintiff, after adding to this endorsement these words,

"Based on statement of April 27, 1938," accepted the check, cashed it, and retained the proceeds thereof, but in doing so wrote the defendant a letter stating that although he was accepting the check he contended that there was an error in his commissions and asked the defendant to check over sales made in his territory. The letters attached to the declaration as exhibits show that there was a dispute between the parties as to what sales the plaintiff was entitled to commissions on, the defendant contending that the sales did not amount to as much as claimed by the plaintiff, as many of the customers had canceled their orders and that under the contract of employment the plaintiff was not entitled to any commissions on sales amounting to less than $20 or on "house accounts" or "close-out" sales. The plaintiff contended that he was entitled to commissions on all goods shipped into his territory. It was held in *Hooker-Bassett Co.* v. *Ga. Hardwood Co.,* 53 *Ga. App.* 175 (184 S. E. 910) : "Where a vendor and a vendee were at variance as to the terms of a contract of sale and as to the amount due by the vendee to the vendor, and the vendee sent to the vendor a statement of account together with a check for the amount of the balance shown to be due, the statement beginning with the words 'we enclose check in payment of the following invoice,' the check being marked 'for a/c' and the letter with which the check was mailed stating: 'we herein enclose settlement for all lumber you have shipped us,' the acceptance and collection of the check by the vendor without more, under all the facts of this case, were an acceptance of the conditions proposed by the vendee, including a credit on the account claimed by the vendee as damages for the failure by the vendor to ship the full amount of lumber ordered. There was an accord and satisfaction." The allegation in the declaration that there was no bona fide dispute between the parties as the defendant was not acting in good faith, was insufficient. This was a conclusion on the part of the pleader not authorized by the facts pleaded. *Blackwell* v. *Sawtell,* 49 *Ga. App.* 561 (176 S. E. 668). We think that the facts as disclosed by the declaration in attachment showed that the claim was disputed and unliquidated and, under the law, was fully discharged by the tender and acceptance of the check for $283.84 under the circumstances alleged.

2.    Furthermore, the check was tendered by the defendant in full payment of commissions due the plaintiff and was accepted and

the proceeds retained by the plaintiff which constituted an executed accord and satisfaction, under the facts alleged. "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and, without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code, § 20-1201. "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Code, § 20-1204. Where a sum less than the amount of the claim is tendered by the debtor in full settlement of the claim, and the same is accepted by the creditor, the agreement is executed and results in a valid and binding accord and satisfaction. *Rogers* v. *Ball,* 54 *Ga.* 16; *Burgamy* v. *Holton,* 165 *Ga.* 384 (141 S. E. 42) ; *King* v. *Liberty National Life Ins. Co.,* 59 *Ga. App.* 496 (1 S. E. 2d, 223) ; *Whatley* v. *Troutman,* 60 *Ga. App.* 23 (2 S. E. 2d, 731).

3. The words, "based on statement of April 27, 1938," added by the plaintiff to the endorsement or condition entered on the check by the defendant, "Paid in full for all commissions due up to April 1, 1938, including April drawings," did not prevent its acceptance from constituting an accord and satisfaction. *Ryan* v. *Progressive &c. Co.,* supra; *Redmond* v. *Atlanta & Birmingham Air-Line Ry.,* supra.

4. The court erred in overruling the defendant's general demurrer.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*