## 30478. ELECTRICAL WHOLESALERS INC. *v.* SYLVANIA ELECTRIC PRODUCTS INC.

Decided May 24, 1944.   Rehearing denied June 7, 1944.

*Chalmers, Jackson & Garner,* for plaintiff in error.

*Douglas, Evans & Cole,* contra.

FELTON, J. The evidence demanded a finding for the defendant as to the settlement of the June account in full. While the evidence shows that prior to sending the check in payment of the June account, the plaintiff had informed the defendant, both by letter and statements from its officials, that the commissions on the aircraft sales would not be allowed; yet the plaintiff received the check purporting to be in full payment of the June account (the one sued on), accompanied by a letter showing that the defendant was claiming credit for a $2000 commission on the aircraft sales. The plaintiff retained the check and its proceeds, and up to the filing of the suit on November 25, 1942, had not returned the check, —in fact had cashed it, and had not returned the proceeds to the defendant. This conduct was the settlement of the account in full by the actual acceptance of a sum for a less amount than that admitted to be due, and is binding whether there was a bona fide dispute or not. The payment of the money was sufficient consideration. Code, §§ 20-1201; 20-1204; *King* v. *Liberty Mutual Life Ins. Co.,* 59 *Ga. App.* 496 (1 S. E. 2d, 223), and cit.; *Bowen* v. *Waxelbaum,* 2 *Ga. App.* 521 (3) (58 S. E. 784); *Whatley* v. *Troutman,* 60 *Ga. App.* 23 (2 S. E. 2d, 731); *David D. Doniger Co.* v. *Briggs,* 61 *Ga. App.* 699 (7 S. E. 2d, 321); *Dunn* v. *Meyer,* 193 *Ga.* 91 (17 S. E. 2d, 275), and cit. The failure to return the check, or its proceeds, to the defendant within a reasonable time was an acceptance of the proposal that it be treated as payment in full for the June account. *Hamilton* v. *Stewart,* 105 *Ga.* 300 (31 S. E. 184); *Hamilton* v. *Stewart,* 108 *Ga.* 472 (34 S. E. 123); *Elrod* v. *M. C. Kiser Company,* 13 *Ga. App.* 471 (79 S. E. 375); *Ryan* v. *Progressive Retailer Publishing Co.,* 16 *Ga. App.* 83 (84 S. E. 834); *Scott* v. *Crain,* 55 *Ga. App.* 514 (190 S. E. 629), and cit. What is stated above covers all the assignments of error. The defendant in error cited only one case, that of *C. & S. Bank* v. *Union Warehouse & Compress Co.,* 157 *Ga.* 434 (122 S. E. 327), in which it was stated: "As there may be a tender upon condition that acceptance shall extinguish the claim of the creditor, so there may be an acceptance on condition that it would not extinguish the

liability of the debtor." Under the facts of that case the tender was made with the notice that the acceptance was on condition that it would not extinguish the liability. Such a tender after notice that acceptance would not extinguish the liability amounted to an abandonment of the tender on condition that acceptance would extinguish the claim. The ruling is not applicable under the facts of this case.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*