HARVEY *v.* SMITH *et al.; et vice versa.*

HAWKINS, Justice. F. D. Harvey brought his equitable petition against the defendants Smith & Pew alleging that in January, 1942, J. A. Jones Construction Company contracted to build for the United States Government the plant for the establishment of Camp Rucker, at Ozark, Alabama; that the Jones Construction Company made a contract with the defendants whereby they agreed to build the sewer system, the water system, and the disposal plant called for by the Government's contract; that on February 2, 1942, the defendants employed the plaintiff to superintend the construction of the sewer system and the water system, but not the disposal plant, under a written contract as follows: "We will pay F. D. Harvey $10,000.00 bonus after Smith & Pew Const. Co. makes $113,000.00, on the sewer and water lines. After the total of $123,000.00 has been made as profit and bonuses have been paid to other employees of S&P, we will pay F. D. Harvey, 20% of the balance of the profit on said sewer and water lines." He alleged that the defendants were indebted to him under the terms of this contract, but that he was unable to allege the exact amount because the defendants had possession of all the records and books pertaining to the work, and he prayed for an accounting; that an auditor be appointed to examine into the accounts and records and to report to the court what amounts were due the plaintiff by the defendants; that he have judgment for the amount found to be due him; and that, pending a final hearing, the defendants be enjoined from removing or destroying any

of the books, records, or vouchers pertaining to the work. The court issued an order to show cause, and granted a temporary restraining order as prayed in the petition.

The defendants filed their answer admitting the contract, but denying any liability to the plaintiff, and alleging among other things: that, after the work had been completed, the defendants sent to the plaintiff a check for $9345.01, dated September 28, 1942, in full payment for all services rendered by him; that the plaintiff refused to accept and cash this check, but retained it in his possession, and on January 10, 1943, advised the defendants that he could not accept the check, and at that time requested a record of all moneys earned by him; that on January 15, 1943, the defendants advised the plaintiff that they were having an audit prepared of the complete jobs in order to ascertain exactly what was owing to the plaintiff; that a copy of this audit was sent to the plaintiff on February 24, 1943, and he was requested to return the check for $9345.01 so that they might send him in lieu thereof a check in the sum of $13,047.42, the amount which was owing to him by the defendants according to the audit; that, thereupon, the plaintiff returned the check for $9345.01 to the defendants, and the defendants sent to him their check for $13,047.42, which check was cashed and accepted by the plaintiff in complete accord and satisfaction of all sums owing to him under the contract.

No preliminary hearing was had on the order to show cause, and the temporary restraining order issued by the court on December 16, 1947, remained of force until the case came on for trial before the jury. After the introduction of evidence by both the plaintiff and the defendants, on motion of counsel for the defendants, the trial court, on May 9, 1950, directed a verdict in favor of the defendants, and judgment was entered accordingly. The plaintiff filed his original and amended motions for a new trial, complaining of the direction of a verdict and contending that there were issues of fact which should have been submitted to a jury; and to the judgment overruling the motion for a new trial the plaintiff excepts.

While the plaintiff, in his testimony, denied that he accepted the defendants' check for $13,047.42 as in complete accord and satisfaction of all sums owing to him under his contract, the evidence adduced upon the trial discloses that, after the defendants had sent to the plaintiff their check for $9345.01 as "payment of the contract in full," the plaintiff, on January 10, 1943, wrote the defendants: "Under this contract I cannot accept your check No. 12866 dated September 28, 1942, with the following endorsement on the back of same, viz.: 'Payment of contract in full—amount of contract 10,000.00, less charges 654.99, balance 9,345.01.'—I am anxious to complete my records for 1942 on account of my income taxes and would like to have a report of all money earned on this and other jobs." The defendants, by letter dated January 15, 1943, wrote the plaintiff as follows: "We have your letter of January 10, 1943, and are frank to admit we had misinterpreted your contract, as we thought it was based on the total contract and not on the sewer and water lines alone. Under the circumstances we have instructed the bank to stop payment on the check for $9,345.01. We would be unable at this time to give you an account of your

records earned 1942, as these will be mailed to you at another date. In order to complete the terms of the contract as set out by you, it will be necessary for us to make a complete audit of the Ozark, Alabama, job so that we can determine just exactly what the sewer and water lines did cost. In addition to this, we will have to have a complete financial estimate furnished us by the J. A. Jones Construction Co. to determine just exactly what they paid us in this respect." On February 24, 1943, the defendants wrote the plaintiff: "We are attaching hereto statement of your bonus account with Smith & Pew Construction Company in regard to the Ozark job. This is in accordance with your contract and has been approved by Mr. Pew. Please return to us at once the outstanding check of about $9300.00 and we will immediately send you a new check for it."

A copy of the audit referred to in this letter, introduced in evidence, showed the amount due the plaintiff to be $13,047.42, and while the plaintiff denied that he ever received this audit, he admitted receiving the letter of February 24, 1943, and the evidence discloses that on March 2, 1943, the defendants sent him a check for $13,047.42, which was endorsed by the plaintiff, cashed by him about the time he received it, and the proceeds of which he has retained. *Held*:

1. From the foregoing evidence it appears that there was a dispute between the plaintiff and the defendants as to the amount of the unliquidated claim of the plaintiff; and when the plaintiff returned the check for $9345.01, and the defendants sent to him the check dated March 2, 1943, in accordance with the letter of February 24, 1943, and the plaintiff accepted and cashed the check and retained the proceeds thereof, this amounted to a complete accord and satisfaction of his claim under either or both theories announced by this court in the majority and the dissenting opinions in *Sylvania Electric Products* v. *Electrical Wholesalers Inc.*, 198 *Ga.* 870 (33 S. E. 2d, 5). See also *Hooker-Bassett Furniture Co.* v. *Georgia Hardwood Lumber Co.*, 53 *Ga. App.* 175 (184 S. E. 910); *Pan-American Life Insurance Co.* v. *Carter*, 57 *Ga. App.* 294 (195 S. E. 326).

2. The fact that on March 12, 1943, the plaintiff telegraphed the defendants, protesting the cost shown on the Ozark job, the bonus payment on water and sewer, and some back charges, and demanding an audit of Ozark cost by his auditor, and otherwise protesting the statement compiled by the defendants, and now denies that he accepted the check in full payment, could not prevent the acceptance and cashing of the check, and the retention of the proceeds thereof by the plaintiff, from constituting an accord and satisfaction. *David D. Doniger & Co.* v. *Briggs*, 61 *Ga. App.* 699 (7 S. E. 2d, 321); *Bass Dry Goods Co.* v. *Roberts Coal Co.*, 4 *Ga. App.* 520 (61 S. E. 1134); *Elrod* v. *M. C. Kiser Co.*, 13 *Ga. App.* 471 (79 S. E. 375); *Ryan* v. *Progressive Retailer Publishing Co.*, 16 *Ga. App.* 83 (84 S. E. 834); *Hamilton & Co.* v. *Stewart*, 105 *Ga.* 300 (31 S. E. 184); *Hamilton & Co.* v. *Stewart*, 108 *Ga.* 472 (34 S. E. 123).

3. The trial court did not err in directing a verdict for the defendants, and in thereafter overruling the plaintiffs' amended motion for a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed.*
*All the Justices concur, except Almand, J., disqualified.*

Nos. 17384, 17385. MARCH 12, 1951.

*Haas & Hurt* and *Emmett Colvin,* for plaintiff.

*Dudley Cook, McLennan & Cook, Gilmer MacDougald,* and *MacDougald, Troutman, Sams & Schroder,* for defendants.