## 40639. NEWMAN MANUFACTURING COMPANY v. YOUNG.

PANNELL, Judge. 1. The petition having alleged that the plaintiff, by contract entered into and attached as Exhibit "A," sold to the defendant pine timber "in accordance with a cruise and marking by one Macon Hunt," the copy of the cruise attached to the petition and marked Exhibit "B" was pertinent and not subject to be stricken upon the demurrers interposed. *Bryant v. Atlantic C. L. R. Co.,* 19 Ga. App. 536 (3) (91 SE 1047).

2. While consent, or a valid license from an owner of land, is a good defense to an action of trespass for acts done within the scope of the license, even if given by mistake, yet the consent is no defense if the acts done are not within the scope of the license or not covered by such consent. 87 CJS 1003, § 49; *Juchter v. Boehm, Bendheim & Co.,* 67 Ga. 534 (3a). And when the consent, as in the present case, was to cut an amount of timber sufficient to cover a shortage under a contract between the parties represented by the defendant to exist, such consent is not a defense to an action for knowingly cutting timber in excess of the amount called for by the contract. There being no attempt by the plaintiff owner to set aside or declare void the consent given based upon alleged fraud in the representation by the defendant as to the shortage of marked timber, cases denying such relief where the aggrieved party could by the exercise of ordinary care have discovered the falsity before acting thereon, have no application. For such cases, see *Browning v. Richardson,* 181 Ga. 413 (182 SE 516); *Brim v. Couch,* 184 Ga. 310 (191 SE 94); *Gleaton v. Georgia Nat. Bank,* 21 Ga. App. 100 (93 SE 1023); *Martin v. North Ga. Lumber Co.,* 72 Ga. App. 778 (35 SE2d 270); *Robi v. Goldstein,* 100 Ga. App. 606 (112 SE2d 165).

3. "A wilful trespasser can be defined in general terms as one who knows that he is wrong, while an innocent trespasser is

one who believes that he is right." *Autry v. Adams,* 95 Ga. App. 207, 210 (97 SE2d 585). Since the petition alleges that the defendant knowingly cut timber in excess of that called for by the agreements, it sufficiently alleges a wilful trespass.

4. The demurrers to the paragraphs alleging the damages in the present case, on the ground "that the measure of damages set forth therein is not the proper measure of damages established by the law of Georgia in this type of case" is not sufficient to raise the question as to the right of plaintiff to recover on the damages alleged in the petition. *Crawford v. Sumerau,* 100 Ga. App. 499 (1) (111 SE2d 746).

5. The payment tendered and accepted for a designated amount of timber does not amount to accord and satisfaction for the timber cut in excess thereof, there being no dispute between the parties at the time said payment was tendered and accepted. For cases involving accord and satisfaction, see *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196); *David D. Doniger Co. v. Briggs,* 61 Ga. App. 699 (7 SE2d 321); *Hooker-Bassett Furniture Co. v. Georgia Hardwood Lumber Co.,* 53 Ga. App. 175 (184 SE 910); *Pin-Har Lumber Products, Inc. v. Reagin,* 95 Ga. App. 364 (98 SE2d 41).

6. The allegations of the petition are sufficient to set forth a cause of action under *Code* § 105-2013 for timber cut and carried away. Whether or not all the damages alleged may be recovered under said Code section we are not called upon to determine. See, in this connection, *Code* § 105-2013; *Minor v. Fincher,* 206 Ga. 721 (58 SE2d 389); *Milltown Lumber Co. v. Carter,* 5 Ga. App. 344 (2a) (63 SE 270); *McConnell Bros. v. Slappey,* 134 Ga. 95 (8) (67 SE 440).

7. It follows that the trial court did not err in overruling the general demurrers and special demurrers to the petition as amended.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED MAY 27, 1964.

*Sims & Lewis, George E. Sims, Jr., James R. Lewis,* for plaintiff in error.

*T. E. Duncan, Robert W. Williams,* contra.

