WILLIAMS *v.* THE PREFERRED MUTUAL ACCIDENT
ASSOCIATION.

Under an accident policy insuring one against loss of time resulting
from bodily injuries effected through external, violent and acci-
dental means, "which shall, independently of all other causes,
immediately, wholly and continuously disable" the insured "from
transacting any and every kind of business pertaining to his occu-
pation," the insurance company is not liable to the policy-holder
for loss of time resulting from a physical injury, when it affirma-
tively appears that thirty days elapsed from the time the injury
was received before the insured was disabled so he could not attend
to his business; that he, being a merchant, was probably in his
store every day during this period, giving more or less attention
to his business, and did not till the end of that period abandon all
attention to the same. The word "immediately," being preceded
by the words "independently of all other causes," is a word of time,
and not of cause and effect, and the time which it indicates is not
the same as that which would be indicated by the phrase "reasona-
ble time."

May 22, 1893.

Before Judge MARSHALL J. CLARKE. Fulton superior
court. September term, 1892.

THOMAS F. ASHWORTH and WESTMORELAND & AUSTIN,
for plaintiff.

ARNOLD & ARNOLD and W. H. RHETT, for defendant.

LUMPKIN, Justice.

The plaintiff below, a merchant, was injured by a
blow on the head caused by a restive horse which he
was holding while the animal was being shod. The in-
jury, though at first apparently only trivial, afterwards
became quite serious. Upon the trial of an action
brought against the defendant upon an accident insur-
ance policy for loss of time resulting from this injury,
the plaintiff testified, among other things, that he was
injured on the 24th day of August, but did not take his
bed until the 24th of September following, and that he
*then* became disabled so that he could not attend to
his business. It is apparent from his evidence that he

was in his store, giving more or less attention to his business, during the thirty days intervening between the time he received the injury and the time he took his bed. These things being true, he was not, under the terms of the policy, entitled to a recovery. The insurance was against loss of time resulting from bodily injuries effected through external, violent and accidental means which should, "independently of all other causes, immediately, wholly and continuously disable" him "from transacting any and every kind of business pertaining to his occupation." The case turns largely upon the meaning to be given to the word "immediately," as here used. This word doubtless has two distinct significations, one of time, and the other of cause and effect. In the former sense, it is synonymous with "instantly," "quickly" and "presently"; in the latter, with "proximately," as opposed to "mediately."

It was contended that the word "immediately," as used in the policy now under consideration, did not mean immediately in point of time, but immediately in point of causation. The context, we think, shows conclusively that this word refers to the time of disablement, and not to the cause. The preceding words, "shall, independently of all other causes," express exactly the same meaning as that which counsel seek to give to the word "immediately" when they ask that it be construed as a word of cause and effect. This policy was, no doubt, prepared with great care, and the presumption is, not only that no unnecessary language was used, but that the words last quoted were deliberately inserted in order to prevent the very construction now contended for. Certain it is, these words would have no office whatever to perform if they did not accomplish this purpose. Treating the word "immediately" as a word of time, we do not think that in the policy before us the period of time indicated by it is the same as that

which would be expressed by the words "reasonable time." This word, when referring to something to be done voluntarily by human agency, may mean "within a reasonable time," or "as soon as practicable," and has often been construed, when used in policies of insurance, as having this meaning with reference to the time of giving notice, or making a claim, or the like. See, in Browne's Judicial Interpretation of Common Words and Phrases, beginning on page 179, an extract from the opinion delivered in Lockwood *v.* Middlesex Mut. Ass. Co., 47 Conn. 553, and the cases therein cited. Also, Roker *v.* Amazon Ins. Co., 51 Md. 512, 34 Am. Rep. 323. Such a construction of the word "immediately," with reference to an act to be done by the insured, is perhaps sound; but in a case like the one at bar, where this word refers to a consequence resulting from a physical cause independently of the will or control of the insured, it cannot, when manifestly used as a word of time, have any such meaning. It would, perhaps, be going too far to say that, in a policy like the present, this word means precisely the same thing as "instantly" or "momentarily," but it necessarily implies that the injury must be such that the insured cannot proceed regularly and in due course with his occupation; that he cannot go on with his work or business as if he had received no injury, and then, upon becoming worse, cease the transaction of his business or labor and hold the company responsible for the loss of his time. It seems to us there was excellent sense and reason in the employment of the words used in this policy to prevent liability on the part of the company under just such circumstances as are disclosed in this case, and we are quite sure this was deliberately intended by the draftsman. It often happens that considerable difficulty arises in determining whether or not a particular thing is the proximate or remote cause of an injury

and its consequences; and to avoid this difficulty in the numerous and ever-varying cases which might arise, we think the company meant to have it understood that it would not be responsible for loss of time resulting from a physical injury, unless it was plain and manifest that the injury directly, alone and without delay, occasioned such loss of time; and that it would not be liable for loss of time which might result from other intervening causes taking effect after the injury was actually received. Indeed, as already intimated, this very case affords an apt illustration of the necessity for such protection to the company. Where a man has received a blow on the head which, at the time of its infliction, does not appear to be serious, and for a month goes on regularly, though with some inconvenience, attending to his business, and then becomes unable for a long time to transact business at all, it is certainly not improbable, to say the least, that something else besides the original injury may have either caused, or largely contributed to his condition. The insurance company framed its policy in order to avoid the hazard and uncertainty of litigating just such questions and issues as these. By the terms of its contract, it is not liable in this case; the court below was right in so holding, and accordingly, did not err in granting a nonsuit.     *Judgment affirmed.*