### 33418. PULLEN *v.* MOORE.

DECIDED APRIL 6, 1951. REHEARING DENIED MAY 4, 1951.

804

*Brackett & Brackett,* for plaintiff.
*Harold Sheats,* for defendant.

FELTON, J.   One of the special grounds of the amended motion for a new trial alleged that the court erred in charging the jury: "If you should believe that there was a contract, and if you believe that the parties have settled this liability, if there was a liability, for attorney's fees by mutual accord and satisfaction or in money paid and received in settlement of the liability, if there was a liability, then you would return a verdict for the defendant."   A defense of accord and satisfaction must be specially pleaded, and where a defendant fails to so plead, evidence

tending to show accord and satisfactaion can be excluded. *Ingram* v. *Hilton & Dodge Lumber Co.*, 108 *Ga.* 194 (1) (33 S. E. 961). Here the defendant did not plead accord and satisfaction of the alleged contract sued on, but pleaded satisfaction for all services rendered him by the plaintiff on a completely different theory, and the defendant by his evidence did not attempt to show accord and satisfaction of the alleged contract sued on, but sought to show thereby that the services rendered by the plaintiff were satisfied as set out in his answer. Thus the issue of accord and satisfaction of the contract sued on was not in the case. As the jury might have based their verdict on such charge it was harmful to the defendant for the court to charge the jury that they were authorized to find that the indebtedness claimed by the plaintiff under the contract had been extinguished by accord and satisfaction.

The other alleged errors in the court's charge will not likely occur on a new trial of the case and are therefore not considered.

As the case is being reversed on another ground it is not necessary to rule on the general grounds of the motion for a new trial.

The court erred in charging the jury on accord and satisfaction and in overruling the motion for a new trial.

*Judgment reversed. Sutton C.J., and Worrill, J., concur.*