36547. PIN-HAR LUMBER PRODUCTS, INC. *v.* REAGIN.

FELTON, C. J. 1. Where there is a dispute between the vendor and vendee of timber, the vendor's contention being that the vendee agreed to pay $57.50 per thousand feet for all timber cut, and the vendee's contention being that he was to pay for timber cut by grade, length and width, and where, as the timber was cut, the vendee gave the vendor statements at intervals showing in detail the number of feet cut and showing the exact amount to be paid at varying prices according to the specific widths, thicknesses and lengths, the giving and accepting of payments so shown to be due, the giving of the payment by the vendee being by check and the accepting by the vendor being by acceptance of the checks and the signing a receipt at the bottom of each statement, constituted a complete accord and satisfaction for the amount of timber cut, delivered and paid for as aforesaid. *Rivers v. Cole Corp.,* 209 *Ga.* 406 (73 S. E. 2d 196).

2. While the defendant did not plead an accord and satisfaction, the evidence on the question was not objected to and the failure to object amounted to the waiver of an amendment setting up accord and satisfaction and the required affidavit that such an amendment was not omitted originally or filed for the purpose of delay. If the evidence had been objected to, it would have been inadmissible without proper amendment. *Pullen v. Moore,* 83 *Ga. App.* 803 (64 S. E. 2d 695).

The court erred in denying the defendant's motion for new trial.
*Judgment reversed.   Quillian and Nichols, JJ., concur.*
DECIDED FEBRUARY 26, 1957—REHEARING DENIED MARCH 21, 1957.

*D. B. Howe, Harold L. Murphy,* for plaintiff in error.
*Murphy & Murphy,* contra.