37107. TALLMAN *v.* SOUTHERN MOTOR EXCHANGE, INC.

DECIDED APRIL 24, 1958.

*Rex T. Reeves, Merrell Collier,* for plaintiff in error.

CARLISLE, Judge. Morris Habif, as president of Southern Motor Exchange, Inc., made oath to foreclose a mechanic's lien in the amount of $395 in favor of Southern Motor Exchange, Inc., against a described Packard sedan as the property of Ronald Tallman. An execution was issued and was levied on the described automobile. Tallman filed a counter-affidavit denying indebtedness and the right of the plaintiff to a lien, and filed general and special demurrers to the affidavit, one ground of special demurrer of which was sustained by the trial court. The plaintiff amended the affidavit and attached, and incorporated by reference, a copy of an invoice showing the various items of labor and material which entered into and made up the amount claimed by the plaintiff to be due. The defendant filed renewed and additional demurrers to the affidavit as amended, the plaintiff filed a second amendment and the defendant filed renewed and additional demurrers to the amendment and to the affidavit as amended, which were all overruled by the court. The assignment of error here is to each of the orders overruling the demurrers to the affidavit.

The various statutes of this State providing for the creation

and enforcement of liens in favor of laborers, mechanics, landlords, materialmen, etc., are in derogation of the common law and their provisions must be strictly construed and applied. *Mabry* v. *Judkins*, 66 *Ga.* 732. However, this rule of strict construction and application, of which this court is well aware, does not bar a corporation from claiming a lien for work done by its employees where the work is of a nature that may be contracted for by the corporation. *Loudon* v. *Coleman*, 59 *Ga.* 653, 655 (1). The affidavit in this case was not demurrable on the ground that it sought a lien in favor of a corporation. Neither was it generally ·demurrable on the ground that, as amended, it showed that a portion of the work for which the lien was claimed was done by an independent contractor. While the original affidavit alleged that all the work was done by the plaintiff and the final amendment alleged "that the defendant Ronald Tallman was advised that the engine would be re-bored by an independent machine shop," the second amendment by which the invoice detailing the work done was attached showed that the charge for re-boring eight cylinders was $48. Reasonably construed, these allegations taken together show that the independent contractor performed only that item of work. If, in fact, other items of work were performed by an independent contractor, of course, the plaintiff would not be entitled to a lien for that portion of the work so performed, but this was a matter to be resolved by the evidence. At least, the plaintiff is entitled to show what portion of the work he did and to have a lien on the property to the extent of the work done. *Cochran* v. *Swann*, 53 *Ga.* 39, 40 (2). There is no reason why the final judgment of the trial court may not be so framed as to foreclose a lien in the amount the evidence shows the plaintiff is entitled to have.

The original affidavit stated that "Morris Habif, president of Southern Motor Exchange, Inc.," personally appeared and made the affidavit, and it is signed, "Southern Motor Exchange, Inc., by Morris Habif, its president, affiant." In the first amendment, in the caption Southern Motor Exchange, Inc., is denominated as plaintiff, and by the first paragraph thereof, it is alleged that Morris Habif is president of Southern Motor Exchange, Incorporated, and that, as such, he executed the original affidavit.

It appears that this amendment was filed by Morris Habif and sworn to and subscribed before a deputy clerk of the Civil Court of Fulton County. The second amendment is signed by the plaintiff's attorney, but is verified as being true by an attached affidavit referring specifically to the amendment, the attached affidavit being signed by Morris Habif. This amendment has Southern Motor Exchange, Inc., denominated as plaintiff, and in the affidavit Habif refers to himself as president of Southern Motor Exchange, Inc., and states that as such he is authorized to make the affidavit. From these pleadings, it is quite apparent that Southern Motor Exchange, Incorporated, is the plaintiff, and that in foreclosing the lien, it acted by and through its duly authorized agent, Morris Habif. As was said by Judge Bleckley in *Loudon* v. *Coleman*, 59 *Ga.* 653, supra, a corporation is, in fact, a myth, a fiction which has no existence except in the imagination of the law. It can do nothing except through its agents and employees, and, of course, it cannot swear or execute an affidavit. But there is no reason why a corporation cannot claim a lien as a mechanic (*Loudon* v. *Coleman*, 59 *Ga.* 653, supra), and when it does, the affidavit required by law to be made must necessarily be made by an agent who can swear to the truth of the facts alleged. See *Bank of Dearing* v. *Howard*, 44 *Ga. App.* 663 (162 S. E. 644).

Another issue raised by the defendant's demurrers relates to the date of the contract, it being contended that no date is alleged. It is further contended that the original affidavit alleges an express contract and contract price of $395, and that the last amendment attempts to change the action to one on a quantum meruit. The cause of action here sought to be enforced is the foreclosure of a mechanic's lien on account of work performed and materials furnished in repairing an automobile. Insofar as it was necessary to allege a contract to sustain the action, it is sufficiently alleged that the work was done pursuant to an oral contract of employment to furnish labor and materials to perform the services detailed in the invoice attached as an exhibit. The mere additional averments that the plaintiff advised the defendant as to what the job would cost him prior to the making of the final contract does not change the nature of the action.

The first amendment to the affidavit attached and incorporated by reference an invoice. This invoice was dated August 23, 1957, and this being a part of the affidavit, it sufficiently shows the date when the work was done. This same amendment alleges that a demand was made on or about August 30, 1957, and under the facts of this case, this was a sufficient allegation of demand. The affidavit shows that the demand was made on the defendant. It is not necessary to allege the place of the demand. The plaintiff is not required to allege his evidence.

As we have stated, the affidavit was twice amended. To the original affidavit, and to each amendment, the defendant filed numerous general and special demurrers calling for additional particularity of statement. The original affidavit and all the amendments were sworn to positively in that they were not sworn to merely to the best of the affiant's knowledge and belief.

What has been said above answers the chief contentions raised by the demurrers and by the argument in the brief of counsel for the plantiff in error before this court. We have carefully considered the numerous other grounds of demurrer and points raised by the plaintiff in error and have considered the cases cited by counsel and find no merit in any of the other contentions. While the original affidavit may have been subject to some of the special demurrers filed, any defects therein were cured by its subsequent amendment. We find no error in the ruling of the trial court overruling the demurrers filed to the affidavit as amended.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*