## 42828. MOODY v. NIDES FINANCE COMPANY, INC.

EBERHARDT, Judge. 1. "It is erroneous for the court to direct a verdict in favor of a particular party or parties to the cause unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point, would sustain no other finding than the one so directed. *Norris v. Coffee,* 206 Ga. 759 (58 SE2d 812)." *Horn v. Preston,* 217 Ga. 165 (121 SE2d 775); *Gibson v. Filter Queen Co.,* 109 Ga. App. 650 (136 SE2d 922). "In giving consideration to a motion for judgment notwithstanding the verdict the court is concerned substantially with the same principles of law as are applicable upon consideration of the motion for directed verdict. . . The question for determination is whether or not the evidence demands a verdict for movant [*Kicklighter v. Kicklighter,* 217 Ga. 54 (121 SE2d 122); *Daniel v. Weeks,* 217 Ga. 388 (122 SE2d 564); *Salley v. Hogan,* 104 Ga. App. 876 (123 SE2d 313)], and if there be any evidence to support the verdict returned denial of the motion is proper and grant would constitute error [*Ferguson v. Gurley,* 105 Ga. App. 575 (125 SE2d 218); *Vaughn v. Butler,* 103 Ga. App. 884 (121 SE2d 72)]." Leverett, Hall & Christopher, Georgia Procedure and Practice, § 16-15 (1965 Supp.).

2. While the debtor in a security transaction has no right to surrender the collateral in satisfaction of the debt, yet if the

creditor accepts surrender or effects a repossession under circumstances that amount to an accord and satisfaction the debtor is entitled to the advantage of it. *Gibson v. Filter Queen Co.,* 109 Ga. App. 560, supra.

3. In this suit for a deficiency judgment, after repossession and sale of the collateral, evidence was introduced, without objection and without contradiction, which authorized a finding of accord and satisfaction. It was shown that when the debtor sent money for the December payment to the office of the finance company in early January, by her sister-in-law using the car as a means of transportation, the man in charge, refusing to accept the proffered payment, asked for the keys to the car so that it might be road-tested "to see whether we have our money's worth in it." The keys were delivered, the car was road-tested, and on his return the sister-in-law was advised that "We do have our money's worth in the car, and we are going to keep it." She was carried home in another car. The car was subsequently sold at private sale in May. No notice of the intended sale was given the debtor, nor was she afterward informed that the sale had been made, to whom or for what price, and, indeed, heard nothing from the finance company until August when she was informed that because of default the entire balance was accelerated to maturity and that unless paid within ten days attorney's fees would be claimed.

The contract provided that the finance company might, upon default, repossess the car and sell it at public or private sale, but also provided that if this were done "the company shall give the undersigned prior written notice of the time and place of any public sale thereof or of the time after which any private sale or other intended disposition thereof is to be made."

In our opinion these facts authorized the jury to find that the finance company had, in effect, informed the debtor that it was taking the car in settlement of the debt when it took the keys and car from her sister-in-law in January, particularly since no notice of the intended sale or disposition of the car was given. If the company had intended to hold the debtor for any deficiency in connection with the selling of the car the prior written notice called for by the contract should have been given. This would have afforded the debtor opportunity to pay off the obligation, or to arrange to interest somebody in buying the car so that it might sell to her best advantage.

4. Although there was no plea of accord and satisfaction, or of a breach of the contract to give prior written notice of any intended private sale, the evidence which we have outlined supporting these matters was admitted without objection. "Generally, when a party permits proceedings to be had, in the progress of his case, without making any objection, the court will hold him to have waived the objection, and will not relieve him against the consequences of the proceeding, to which he did not object at the proper time." *Haiman & Bro. v. Moses & Gerrard*, 39 Ga. 708; *Field v. Martin*, 49 Ga. 268. This principle has been applied concerning proof of payment (*Artope v. Goodall*, 53 Ga. 318 (3) ; *Freeze v. White*, 120 Ga. 446 (47 SE 928)) ; of accord and satisfaction (*Pin-Har-Lumber Products v. Reagin*, 95 Ga. App. 364 (98 SE2d 41)) ; of a breach of the condition of a contract (bond for title). *Field v. Martin*, supra.

5. While the provisions of this contract are strikingly similar to those of the Uniform Commercial Code (see *Code Ann.* §§ 109A-9—503 through 109A-9—507, and particularly § 109A-9—504 (3)), it is not necessary that we deal with the Code provisions in deciding this case. See in this connection, however, Kock, Georgia Commercial Practice, § 7-6; 15 AmJur2d 787, Commercial Code, § 84; Annot., Rights and Duties of Parties to Conditional Sales Contract as to Resale of Repossessed Property, 49 ALR2d 15 (1956), where Uniform Commercial Code cases are being collected in the supplements; Norton v. Nat. Bank of Commerce, 240 Ark. 143 (398 SW2d 538) ; Baber v. Williams Ford Co., 239 Ark. 1054 (396 SW2d 302) ; Associates Discount Corp. v. Cary, 47 Misc. 2d 369 (262 NYS2d 646) ; Mallicoat v. Volunteer Finance & Loan Corp., (Tenn. App.) 3 UCC Rep. Ser. 1035; Skeels v. Universal CIT Credit Corp., 222 FSupp. 696, modified on other grounds in 335 F2d 846; and Cf. Hudspeth Motors, Inc. v. Wilkinson, 238 Ark. 410 (382 SW2d 191). We are content to rest the matter on the accord and satisfaction which these facts would authorize a jury to find, though it appears that we would likely have reached the same result by applying UCC provisions.

Accordingly, the court erred in vacating the judgment on a verdict for the defendant and granting a judgment n.o.v. to the plaintiff.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*

Submitted June 5, 1967—Decided June 12, 1967.

*Bettye Hynson Kehrer,* for appellant.
*Fryer & Harp, Vance Rankin,* for appellee.