### 43338.  JOHNSON v. COMMERCIAL CREDIT CORPORATION.

HALL, Judge.  The defendant appeals from a judgment sustaining the plaintiff's demurrers to his plea of accord and satisfaction in an action by the plaintiff, assignee of a retention-of-title contract for the sale of an automobile, for the balance due on the contract after public sale of the automobile as provided therein.  The plea alleged: The reasonable value of the automobile was $1,000 more than the proceeds of the sale for which he was given credit.  After making six payments on the contract he returned the automobile to the president of the corporation from which he purchased it (the plaintiff's assignor).  At that time the president (Fussell) said to the defendant, "You can't afford to turn it in . . . It's worth more than you owe on it" and "It's entirely up to you if you want to turn it in," and gave the defendant the following receipt: "Rec'd of [the defendant] 1—1965 Imperial Sedan for C. Credit Co. mileage 14550, H. Fussell." Fussell was a duly authorized agent of Commercial Credit Corporation, authorized to secure the automobile in full satisfaction of the debt.

The defendant contends that the alleged facts show that by the transaction between him and Fussell the parties agreed that the car was returned in full satisfaction of his indebtedness under the contract.  The plea sufficiently alleged that Fussell was authorized to act for the plaintiff in making such an agreement.  *Kiser Co. v. Padrick*, 30 Ga. App. 642, 645 (118 SE 791).  The issue then becomes whether or not the alleged oral transaction amounted to such an agreement.  In *Moody v. Nides Finance Co.*, 115 Ga. App. 859 (156 SE2d 310), this court held that evidence of a substantially similar transaction between a debtor and the agent of the creditor authorized the jury to find that there was an accord and satisfaction of the debt.  In the present case, in determining the issue of accord and satisfaction, we do not consider any provision of law or of the contract requiring that the debtor be given notice of the sale of the automobile.

The trial court erred in sustaining the demurrers.

*Judgment reversed.  Bell, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 10, 1968—DECIDED JANUARY 22, 1968.

132

*Hitch, Miller, Beckmann & Simpson, Robert M. Hitch, III,*
for appellant.
*Ralph L. Crawford, Ronald C. Crawford,* for appellee.