43571.  BARNES v. RELIABLE TRACTOR COMPANY.

JORDAN, Presiding Judge.  This is an action to obtain a deficiency judgment for the balance due under a conditional sale contract after default, repossession, and sale of the equipment, a cotton picker and a tractor, under the provisions of the contract.  The affidavit for the plaintiff in support of a motion for summary judgment shows a repossession and sale in accordance with the terms of the contract, and credit to the defendant for the proceeds of the sale.  Two affidavits of the defendant recite, "That deponent informed said agent that they could take said equipment provided it was taken with the understanding that it would be in full extinguishment of the indebtedness existing under said conditional sales contract, otherwise they would have to leave the equipment at defendant's or deponent's premises.  That the agent of General Motors Acceptance Corporation by agreement took said equipment with the understanding that it was in extinguishment of any indebtedness on said conditional sales contract and removed said equipment with deponent's permission from the premises occupied by defendant."  The trial judge granted summary judgment for the plaintiff, from which the defendant appeals. *Held:*

The assertion that the defendant permitted repossession only on condition that it extinguish the debt, if taken as true, falls

short of establishing an enforceable accord and satisfaction (see *Code* §§ 20-1201, 20-1203), for it shows nothing more than the attempted unilateral imposition without consideration of a condition contrary to the terms of the original contract recognizing the immediate right of repossession upon default. The defendant had already legally obligated himself to surrender possession upon default, and he agreed to do nothing more at the time of repossession. "An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another." *Johnson v. Hinson*, 188 Ga. 639 (2) (4 SE2d 561). The pertinent provisions of the Uniform Commercial Code (*Code Ann.* § 109A-9—503; Ga. L. 1962, pp. 156, 422) which recognize the right to repossession "without judicial process if this can be done without breach of the peace" afford the defendant in this case under the circumstance here shown no basis for insisting that his affidavit creates a genuine issue of fact as to a material issue. The trial court did not err in granting summary judgment for the plaintiff.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

SUBMITTED APRIL 3, 1968—DECIDED APRIL 29, 1968—
REHEARING DENIED MAY 15, 1968.

*J. W. McDonald*, for appellant.

*Reinhardt, Ireland, Whitley & Sims, Tyson Elliott*, for appellee.