43901. TRAILMOBILE DIVISION OF PULLMAN, INC. v. JONES.

ARGUED SEPTEMBER 10, 1968—DECIDED OCTOBER 8, 1968.

From a verdict for the defendant, plaintiff appeals.

*Cotton, Katz & White, Richard A. Katz,* for appellant.

*Murphy & Murphy, Thomas B. Murphy,* for appellee.

DEEN, Judge. ■ Insisting that its motion for directed verdict was erroneously overruled, the plaintiff contends that a showing of regular payments by the defendant over a 12-month period, plus evidence that the trailers had been used for a total of over 50,000 miles, demands the conclusion that any defense of breach of warranty or failure of consideration on the part of the buyer was waived when he continued to use the vehicles with notice of their defects, within the meaning of *Code Ann.* § 109A-2—602 (1) which provides: "Rejection of goods must be made within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller," and of *Code Ann.* § 109A-2—606 (1) providing: "Acceptance of goods occurs when the buyer (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-comformity." There was uncontradicted testimony in 1964 when the purchase was made that the seller had shifted to construction of aluminum trailers, and that changes had subsequently been made in the model purchased by the defendant by adding additional cross-hatch supports to the frame. The defendant's testimony was that these vehicles were in exchange for two which were also of experimental construction and which had "broken in two"; that within two months and about 10,000 miles of travel the vans here involved began sagging in the middle when loaded and the doors could not be opened; that plaintiff had to use a forklift to close the door after loading; that plaintiff, who had dealt with the defendant before, was aware of the type load for which he used the trailers, which was loads of soft drinks within legal load carrying limits, and that these vehicles were never overloaded or loaded with other, heavier materials;

that he immediately notified the plaintiff and was told that the cross braces would be fixed so that sagging would be eliminated and the doors would close; that he then talked with plaintiff's agent on seven or eight occasions and continued operating the trailers on the assurance that they would be strengthened so as to carry the loads for which defendant needed them; that finally defendant talked with this agent and informed him that he was leaving them "at Canada Dry," plaintiff agreeing to pick them up there and have them repaired; that plaintiff did in fact pick them up; that defendant informed the plaintiff and thought it was understood that payments would be resumed at such time as the trailers were returned to him in a repaired condition; that Trailmobile was to notify him when they had been repaired; that the defendant was not notified and did not know that the trailers were in fact being sold by the plaintiff at a foreclosure sale at which the plaintiff, in the absence of other bids, bought them in and subsequently resold them after making repairs of approximately $500. This testimony was sufficient to authorize submitting to the jury the question of breach of warranty and failure of consideration. Did it also make a jury issue within the meaning of the Commercial Code which requires that the rejection of goods after inspection be made within a reasonable time and that seasonable notification thereof be given? *Code Ann.* § 109A-1—204 provides: "(1) Whenever this Act requires any action to be taken within a reasonable time, any time which is not manifestly unreasonable may be fixed by agreement. (2) What is a reasonable time for taking any action depends on the nature, purpose and circumstances of such action. (3) An action is taken 'seasonably' when it is taken at or within the time agreed or if no time is agreed at or within a reasonable time." What is a reasonable time is ordinarily a matter of fact to be determined by a jury under the particular circumstances of the case. *Bearden Mercantile Co. v. Madison Oil Co.*, 128 Ga. 695 (3) (58 SE 200). "Reasonable time" does not mean "immediately." *Williams v. Preferred Mut. Accident Assn.*, 91 Ga. 698 (17 SE 982). *Code Ann.* § 109A-2—608 states: "(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him

if he has accepted it (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances." We assume the language of Subsection (b) refers to situations where the nonconformity was discovered after the acceptance which appears to be the case here, defendant having testified that the Trailmobile agent who sold him these particular vans was familiar with the job he was doing and represented that the vans would be suitable for that job, an assurance which would have particular reference to the defect around which the testimony centered in view of the difficulty experienced with the vans traded in which hauled the same type and weight of load. Under all these facts we cannot say as a matter of law that the court should have removed the question from jury consideration.

■ The remaining enumeration of error presents nothing for consideration. We are cited to no order or judgment of the court ruling on objections to the defendant's amendment, and, with the amendment in the record evidence in support of its propositions was allowable. Other enumerations of error are abandoned, and no page reference is made to Exhibit 4 which appellant contends was erroneously excluded from evidence.

*Judgment affirmed. Jordan, P. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur in the judgment of affirmance, but do not think it necessary that the question upon which the majority based the affirmance be decided; this for the reason that a preliminary question will also dispose of the case. The evidence was sufficient to authorize a finding that the defendant appellee returned the truck to the appellant for the purpose of having the same repaired, or if the appellant was unable to repair it the appellant could keep it in payment of the debt. The evidence was further sufficient to authorize a finding that a reasonable notification of the time and place of sale, as required by Par. 3 of Sec. 109A-9—504 of the Ga. U. C. C., was not given, which would preclude a recovery of a deficiency judgment. As to the accord and satisfaction, see *Gibson*

*v. Filter Queen Co.,* 109 Ga. App. 650 (136 SE2d 922) ; *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (156 SE2d 310) ; also *Hargett v. Muscogee Bank,* 32 Ga. App. 701 (124 SE 541) ; *Blevins Aircraft Corp. v. Gardner,* 66 Ga. App. 843 (19 SE2d 350) ; *Southern Auto Finance Co. v. Chambers,* 65 Ga. App. 259 (15 SE2d 903). As to the Ga. U. C. C., see *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (5), supra, and *Braswell v. American Nat. Bank,* 117 Ga. App. 699 (161 SE2d 420).