## 50192. CHRISTIE v. HOGAN-SCARBORO CORPORATION.

EVANS, Judge.

Hogan-Scarboro Corporation, as plaintiff, filed suit against Lenn M. Christie, individually and d/b/a Christie Developers, as defendant, for $11,800 on a debt alleged to have arisen out of a contract. Plaintiff filed requests for admissions and among other things defendant admitted the authenticity of a letter dated November 30, 1973, mailed by defendant to plaintiff, which included this statement: "Please be advised that I accept your offer of settlement in the amount of $11,800. As soon as I can arrange for the transmittal of a check in the above amount, I will forward it to you." No check was ever mailed by defendant to plaintiff and on February 22, 1974, about 82 days after receipt of the aforementioned letter, plaintiff filed suit for recovery of the $11,800 indebtedness admitted to be due by defendant's letter. Plaintiff moved for summary judgment against defendant in the amount of $11,800, which the trial judge granted. Defendant appeals. *Held:*

1. The offer and acceptance are not in dispute, but defendant contends that his language: "As soon as I can arrange for the transmittal of a check in the above amount, I will forward it to you," allows him a reasonable time to arrange for payment. The debtor's letter of acceptance is dated November 30, 1973, and suit was filed on February 22, 1974, and served on March 8, 1974.

Counsel for defendant cite *Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695 (3) (58 SE 200); *Trailmobile Div. of Pullman v. Jones,* 118 Ga. App. 472, 474 (164 SE2d 346); and *Whitley v. Patrick,* 226 Ga. 87, 89 (4) (172 SE2d 692), which hold that when no time is agreed upon to perform a certain act, a reasonable time will be inferred; and that what is a reasonable time depends on the nature, purpose and circumstances of taking action, which is ordinarily a matter of fact for determination by a jury.

2. Thus, the principal issue on which defendant relies, and which he contends should have been submitted to a jury, is as to whether plaintiff waited a reasonable time before filing suit. The fact of the indebtedness is not in dispute. The record shows that about 82 days transpired after defendant assured plaintiff he would pay "as soon as I can arrange for transmittal of a check in the above amount . . .," and before plaintiff filed suit. Nothing is shown as to any effort on defendant's part to arrange for transmittal of the check during this period, and no suggestion is made as to any obstacle which prevented his sending the check during this time. This court is always reluctant to take any issue away from the jury, but here there seems to be nothing from which a jury could have decided that the time lapse before filing suit was unreasonable.

3. The judgment of the trial court in granting summary judgment to plaintiff for $11,800 against defendant is therefore affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 10, 1975 — DECIDED MARCH 4, 1975.

*Lipshutz, Macey, Zusmann & Sikes, Frank B. Wilensky, Richard P. Kessler, Jr.,* for appellant.
*James V. Hilburn,* for appellee.