## 50569. WOOD v. YANCEY BROTHERS COMPANY.

QUILLIAN, Judge.

Yancey Bros. Company filed its complaint against James M. Wood in Putnam Superior Court. The complaint was in 2 counts and alleged in Count 1 that: defendant executed a promissory note payable to the plaintiff in the amount of $12,994.58 and in conjunction therewith executed a conditional sales security agreement covering certain personal property, a Caterpillar bulldozer; defendant defaulted in payment of the note and pursuant to the security agreement terms the plaintiff repossessed the personal property and sold it at public auction for $7,200 leaving a deficiency balance of $4,712.58 plus interest and attorney fees. In Count 2 the defendant was alleged to be indebted to the plaintiff for $219.26 on open account.

The defendant answered denying any indebtedness and set out an affirmative defense, accord and satisfaction. The case came on for trial at which a directed verdict was entered for the plaintiff.

On appeal by the defendant to this court we must consider the question — whether the evidence demanded a verdict for the plaintiff. In brief, was there any evidence of accord and satisfaction. *Held:*

1. The trial judge in directing a verdict for the plaintiff stated: "In this contract of sales, the contract itself provided that any changes in the contract must be in writing. The plea of Accord and Satisfaction by the Defendant was not in writing and there was no evidence as to a legal plea of Accord and Satisfaction."

The trial judge found that there was no written plea of accord and satisfaction. However, the language

contained in the defendant's response to the complaint was sufficient. See Section 8 of the Civil Practice Act (Code Ann. § 81A-108; Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230). Even if this were not true it is well settled that, even absent a specific pleading, where accord and satisfaction is set out by evidence which is not objected to then the issue is before the court, the plaintiff having waived objection. *Pin-Har Lumber Products, Inc. v. Reagin,* 95 Ga. App. 364 (2) (98 SE2d 41); *Moody v. Nides Fin. Co.,* 115 Ga. App. 859, 861 (4) (156 SE2d 310). See CPA § 15 (b) (Code Ann. § 81A-115 (b); Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694).

The plaintiff argues persuasively that in view of the language in the contract there could be no accord and satisfaction where there was no written agreement concerning such matter introduced into evidence. The language in the contract might serve to prevent any parol changes or modifications of that contract. It did not purport to control any new or subsequent agreements. Even if the contract provides it may not be changed except by writing, parties may subsequently by mutual consent enter into a new agreement at variance with the other. *Bailey v. Martin,* 101 Ga. App. 63, 67 (112 SE2d 807).

The language of Code § 20-1201 conclusively establishes that an accord and satisfaction, such as here, falls within the latter category. It reads: "Accord and satisfaction is where the parties, *by a subsequent agreement,* have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." (Emphasis supplied.) There is nothing to prevent an accord and satisfaction resulting from an oral transaction. *Johnson v. Commercial Credit Corp.,* 117 Ga. App. 131 (159 SE2d 290); *Brantley Co. v. Lee,* 106 Ga. 313, 316 (2) (32 SE 101). See also *Planters Cotton Oil Co. v. Bell,* 54 Ga. App. 433 (1) (188 SE 41); *Moody v. Nides Fin. Co.,* 115 Ga. App. 859 (3) (156 SE2d 310).

2. "While the debtor in a security transaction has no right to surrender the collateral in satisfaction of the debt,

yet if the creditor accepts surrender or effects a repossession under circumstances that amount to an accord and satisfaction the debtor is entitled to the advantage of it." *Moody v. Nides Fin. Co.,* 115 Ga. App. 859 (2), supra. Accord: *Gibson v. Filter Queen Co.,* 109 Ga. App. 650 (136 SE2d 922). See *Bradford v. Lindsey Chevrolet Co.,* 117 Ga. App. 781, 782 (2) (161 SE2d 904), and cases therein cited, which held: "The action of the holder in legally repossessing the security under a conditional sale contract, the retention of the same without sale and without excuse for not selling, and without demand for payment of the contract, for a period of approximately 50 days before suit on the contract and for over 16 months from the time of filing suit to the time of trial constituted a rescission and satisfaction of the contract and no recovery could be had thereon." The question here arises as to whether there was an unreasonable delay so as to constitute a rescission or whether the repossession was for the purpose of sale under the terms of the contract or some other purpose in which case there also may be a rescission. *Hargett v. Muscogee Bank,* 32 Ga. App. 701 (5) (124 SE 541); *Southern Auto. Fin. Co. v. Chambers,* 65 Ga. App. 259, 264 (15 SE2d 903); *Blevins Aircraft Corp. v. Gardner,* 66 Ga. App. 843, 846 (19 SE2d 350).

In *Barnes v. Reliable Tractor Co.,* 117 Ga. App. 777 (161 SE2d 918), involving the grant of summary judgment this court held that there the debtor was obliged to surrender certain equipment that his surrender of the equipment was not sufficient consideration for an accord and satisfaction quoting the rule: "The assertion that the defendant permitted repossession only on condition that it extinguish the debt, if taken as true, falls short of establishing an enforceable accord and satisfaction (see Code §§ 20-1201, 20-1203), for it shows nothing more than the attempted unilateral imposition without consideration of a condition contrary to the terms of the original contract recognizing the immediate right of repossession upon default. The defendant had already legally obligated himself to surrender possession upon default, and he agreed to do nothing more at the time of repossession. 'An agreement on the part of one to do what

he is already legally bound to do is not a sufficient consideration for the promise of another.' *Johnson v. Hinson,* 188 Ga. 639 (2) (4 SE2d 561)." Id., pp. 777, 778.

Since there are many relevant factors involved in whether a return to the creditor of property may or may not constitute an accord and satisfaction (see cases cited), we decline to follow the unqualified rule therein set forth. Moreover, here there is evidence of considerable negotiations between the debtor and the creditor. Although not uncontradicted the following facts appear: that an option was given by the debtor to the creditor for the sale of the equipment; that the debtor had numerous problems with the equipment which he states the creditor well knew since it did the repairs to the equipment; that he related he didn't want the equipment "any longer"; that the creditor's salesman "asked me to give them a chance to get it in shape"; that the salesman stated he would take the machine back and sell it for the debtor and would recover part of the money the debtor had in it. The debtor also related that he agreed to "let him have it and sell it if, and try to recover some of the money that I had put into the machine already." He stated he insisted that the creditor take the equipment and offered to "load the machine for them"; at the time the equipment was picked up "I signed a form to the effect that this would settle the account." The equipment was picked up in May 1970 but notice of sale was not given until October 13, 1970. The debtor admitted misplacing the copy of the agreement. No objection was made to the debtor's testimony as to the agreement on the grounds that it was not the highest and best evidence. See *Cummings v. State,* 84 Ga. App. 698 (67 SE2d 156); *Morgan v. Bell,* 189 Ga. 432, 439 (5 SE2d 897).

The facts listed above are sufficient to prevent a blanket application of *Barnes v. Reliable Tractor Co.,* 117 Ga. App. 777, supra, and results in the conclusion that the jury should have been permitted to pass on the issues presented — whether a subsequent agreement had been reached between the parties which amounted to an accord and satisfaction, or a rescission and satisfaction of the contract resulted from the actions of the plaintiff after repossession of the property. It was error to direct a verdict for the plaintiff.

*Judgment reversed. Clark, J., concurs. Pannell, P. J., concurs in the judgment.*

SUBMITTED MAY 7, 1975 — DECIDED SEPTEMBER 18, 1975.

*D. D. Veal,* for appellant.
*Clifton, Helms & Dodd, David A. Dodd,* for appellee.