## 51045. SOTO v. BRIDGERS.

EVANS, Judge.

After sale of property under the power contained in a deed to secure debt thereto, the sale was confirmed, and plaintiff sued the defendant here for the deficiency. Defendant admitted signing the notes and security deed, but contends there was an oral accord and satisfaction reached as to any deficiency. She contends the parties agreed orally that if she would purchase other property from her creditor, and accept all liabilities thereon, she would be free and clear as to any deficiency.

At the trial, the court refused to allow any evidence as to the oral accord and satisfaction, and directed a verdict against defendant. Defendant appeals. *Held:*

1. An assertion that the defendant permitted

repossession only on contention that the debt be extinguished, taken as true, falls short of establishing an enforceable accord and satisfaction. *Barnes v. Reliable Tractor Co.,* 117 Ga. App. 777 (161 SE2d 918).

2. But the testimony of the defendant here shows a consideration in that she was to pay off the indebtedness on another piece of property which she was buying from the same creditor, and the plaintiff would then forgo any claim of deficiency as to the property foreclosed upon, and that she would be free and clear of any deficiency as to the property upon which plaintiff was selling under the foreclosure proceeding. She testified she obtained a loan to purchase the second piece of property from plaintiff, and that he then conveyed it to her. Therefore, the court erred in excluding this testimony and preventing the jury from considering defendant's defense of accord and satisfaction.

This later agreement was not to vary the terms of the original contract, but was as to an agreement to take over and purchase other property for a consideration, and plaintiff would sell the original property purchased by the debtor, and no deficiency judgment would be sought. The trial judge erred in directing the verdict in favor of plaintiff.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

Submitted September 9, 1975 — Decided October 20, 1975.

*Chambers & Robinson, John W. Chambers, E. G. Robinson, Jr.,* for appellant.
*Claude E. Hambrick,* for appellee.