## 53749. CITIZENS & SOUTHERN NATIONAL BANK v. MORGAN.

McMURRAY, Judge.

This case involves a suit on a note (conditional sales contract — motor vehicle) with reference to the purchase of an automobile which was transferred and assigned to the bank by the selling dealer. The plaintiff, Citizens & Southern National Bank, sued Morgan, the defendant, for the balance of the indebtedness due including attorney fees after default, repossession, and private sale of the automobile.

Defendant answered, admitting jurisdiction and the purchase of the automobile (1971 Chevrolet Malibu coupe) which involved the promissory note which was

assigned to the bank, but he denied the indebtedness claimed, as well as that he owed any attorney fees. He filed an additional defense that he did not receive adequate and timely notice from the plaintiff that strict compliance with the terms of the conditional sales contract as regards default would be required.

The case came on for trial and the uncontroverted testimony shows that the obligation was established and default admitted. But the deficiency was controverted.

Plaintiff contended that after repossession it had notified the defendant that the repossessed vehicle would be sold, and had notified the defendant that the bank intended to dispose of the collateral, and in the event the proceeds from the sale of this collateral did not satisfy the indebtedness, defendant would be liable for any remaining balance; and that the defendant was entitled to a public sale of the collateral provided he notified the bank by registered or certified mail within the next 10 days of the date of this letter. Plaintiff offered testimony that the vehicle was sold, leaving a balance due; that the defendant continued to pay on this balance until the balance was reduced to $1,007.21 which it seeks to recover in this case. However, the bank admitted that it had sent the deficiency letter by certified mail which was returned to them unclaimed.

The defendant testified that he did not receive such letter; that he owned two automobiles and finding that he was unable to pay on both he had a conversation with an agent of the plaintiff in which it was agreed verbally that he might voluntarily surrender the 1971 Chevrolet Malibu coupe, which was done, and they had an agreement that if defendant gave the car back "they [the bank] wouldn't do anyting . . .," albeit this was in answer to a leading question by counsel for defendant, and no objection was made thereto. In addition, on cross examination counsel for plaintiff also asked a leading question of this witness which implied that if the defendant "voluntarily surrendered the car, that the bank would call it even and take no action on the deficiency."

Both parties moved for directed verdict and both motions were denied. The jury then found for the de-

fendant, and plaintiff filed its motion for new trial, as amended, which was denied. Plaintiff appeals. *Held:*

1. Defendant did not, as plaintiff contends, admit a prima facie case because he testified he was advised that upon his voluntary return of the collateral to the bank it "wouldn't do anything to [defendant]" and if he "voluntarily surrendered the car that the bank would call it even and take no action on the deficiency"; that no notice was thereafter received by him, that is, that the bank intended to seek a deficiency in the event the sale of the automobile did not satisfy the indebtedness. Thus there were issues of fact for jury determination as to accord and satisfaction, good faith in the transaction, possible fraud and deceit, as well as the amount of the deficiency. It is not shown here whether the notice of the sale was returned prior to or after the sale, and plaintiff's good faith in the transaction would be for jury determination, considering all the circumstances. See *Geoghagan v. Commercial Credit Corp.,* 130 Ga. App. 828, 831 (204 SE2d 784). The court did not err in denying this motion for directed verdict.

2. A corporation, necessarily, speaks through its agents. Consequently, the testimony of the defendant as to the arrangement whereby he surrendered voluntarily the automobile to the bank and its agent agreed, "if [he] would give the car back they wouldn't do anything to [defendant]," that is, seek a deficiency, which agreement was made with the agent and employee of the bank who had also allegedly sent the notice of proposed sale and who had witnessed the voluntary surrender form. This was not hearsay testimony but between the parties involved in this litigation. See *Hospital Authority of Walker, Dade & Catoosa Counties v. Smith,* 142 Ga. App. 284 (6); *Tallman v. Southern Motor Exchange, Inc.,* 97 Ga. App. 565, 567 (103 SE2d 640); *Loudon v. Coleman,* 59 Ga. 653.

3. As stated above, the evidence, while admitting the return of the letter notice of disposition of the collateral by public or private sale and possible deficiency as unclaimed at the address to which it was mailed, fails to determine with certainty that "reasonable notification" was given under the contract as required by Code Ann. § 109A-9—504 (3) (Ga. L. 1962, pp. 156, 422). See

*Geoghagan v. Commercial Credit Corp.,* 130 Ga. App. 828, 831, supra. It thus was an issue as to whether the certified letter was returned prior to or after sale. But at that time defendant contends by evidence he was lulled into nonaction by the agreement whereby plaintiff would not seek a deficiency upon the voluntary return of the automobile. See *Gibson v. Filter Queen Co.,* 109 Ga. App. 650 (3) (136 SE2d 922); *Moody v. Nides Fin. Co.,* 115 Ga. App. 859 (2) (156 SE2d 310); *Johnson v. Commercial Credit Corp.,* 117 Ga. App. 131 (159 SE2d 290). Therefore, the charge as to reasonable notification that, "if you find also that the defendant actually received notice, defendant would be liable for such deficiency . . . [the jury] must arrive at a verdict for the plaintiff," was more helpful to plaintiff than was authorized by the evidence. In fact, the record discloses it was a part of a written request to charge made by plaintiff. One cannot complain of the giving of a charge that was specifically requested by the complaining party. *Noxon Rug Mills, Inc. v. Smith,* 220 Ga. 291, 293 (138 SE2d 569); *Drum v. Shirey,* 106 Ga. App. 699 (2) (128 SE2d 92).

4. The court did charge as to an accord and satisfaction and that if the jury should find the defendant is entitled to recover under the defenses pleaded then it should render a verdict for the defendant. If the creditor accepts surrender or effects a repossession under circumstances that amount to an accord and satisfaction the debtor is entitled to the advantage of it. See *Gibson v. Filter Queen Co.,* 109 Ga. App. 650 (3), supra; *Moody v. Nides Fin. Co.,* 115 Ga. App. 859 (2), supra. The charge as to accord and satisfaction was authorized by the evidence and was not subject to the exception made. Code Ann. § 20-1201; *Johnson v. Commercial Credit Corp.,* 117 Ga. App. 131, supra; *Wood v. Yancey Bros. Co.,* 135 Ga. App. 720 (1, 2) (218 SE2d 698).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Argued April 4, 1977 —Decided May 19, 1977.

*Lawton & Karpf, Spencer Lawton, Jr.,* for appellant.
*W. David Sims, Richard C. Metz,* for appellee.