### 56643. SOLOMON REFRIGERATION, INC. v. OSBURN.

BANKE, Judge.

The appellant, Solomon Refrigeration, Inc., sued the appellee, Raymond C. Osburn, Sr., to recover amounts allegedly owed under two equipment leases. The appellant appeals the judgment of the trial court following a non-jury trial which denied its claim and instead allowed the appellee to recover amounts previously paid on the machines.

1. The appellant leased to the appellee two pieces of commercial liquor dispensing equipment. On the date each long-term lease was signed, the appellant also gave the appellee a written option to purchase the equipment. The options provided as follows: "This is a 90-day option to purchase the [described property] for the sum of [specific price] with all rental monies paid in this 90-day period (less sales tax) to apply toward the purchase price." The appellee contends that he orally exercised both options prior to expiration of their respective 90-day periods. He also testified that the appellant had agreed to arrange long-term financing for the purchase and that in furtherance of this agreement, he had been required to sign financing statements on the equipment. The appellant denies that the appellee exercised the options and maintains that the financing statements were filed in order to protect his security interest in the leased equipment. See Code Ann. § 109A-9—102 (2).

The trial judge found that the transaction between the parties was a sale. His conclusion is supported not only by the appellee's testimony, but also by a loan application completed by the appellee and submitted to a Florida bank by appellant's salesman for the purchase of one of the machines. The terms of the option did not make

payment of the purchase price a condition precedent to its exercise. Consequently, it was not necessary for the appellee to pay the purchase price in order to convert the option into a contract of sale; on the contrary, payment was only an element of performance. See *Snead v. Wood,* 24 Ga. App. 210 (100 SE 714) (1919); *Floyd v. Morgan,* 60 Ga. App. 496 (4 SE2d 91) (1939); 77 CJS 653, Sales § 33 (d).

Finally, there was no provision in the option requiring that exercise of the option be in writing. Accordingly, appellee's simple assent, as confirmed by the subsequent acts and conduct of both parties, was sufficient to accomplish its exercise. See 77 CJS 653, Sales, § 33 (d). The evidence supported the trial judge's ruling that a contract of sale existed between the appellant and appellee.

2. The trial judge found that the appellant had acted in bad faith in obtaining an immediate writ of possession for the equipment at the outset of the litigation. No award was made to the appellee based expressly on this finding, but he was awarded $1,500 in attorney fees and expenses of litigation. The appellant enumerates as error both the finding of bad faith and the award of attorney fees.

The general rule is that a party cannot recover attorney fees in the same action, unless there is a statutory provision providing for such a recovery. See *Harrison v. Harrison,* 208 Ga. 70 (1) (65 SE2d 173) (1951); *Hickman v. Frazier,* 128 Ga. App. 552 (1) (197 SE2d 441) (1973). There is no statutory provision providing for recovery of attorney fees in suits involving immediate writs of possession. Furthermore, the judge's finding of bad faith on behalf of the appellant does not authorize recovery of attorney fees under Code § 20-1404 since " 'A defendant, as against a plaintiff [i.e., by counterclaim], cannot avail himself of the provisions of Code § 20-1404 (*King v. Pate,* 215 Ga. 593 (3) (112 SE2d 589)).' *Pitman v. Dixie Ornamental Iron Co.,* 122 Ga. App. 404 (3) (177 SE2d 167)." *Hickman v. Frazier,* supra, p. 552.

The appellee argues that the award is authorized under Code Ann. § 67-711 since attorney fees are a recoverable damage. The intent of the legislature in enacting Code Ann. § 67-711 was to provide for the

reimbursement of the defendant's damages sustained upon his loss of possession of the disputed property when a writ of immediate possession is improvidently granted. Accord, Code § 8-111; *Mass. Bonding & Ins. Co. v. U. S. Conservation Co.,* 31 Ga. App. 716 (1) (122 SE 728) (1923). In this case, the bar equipment was never removed from the appellee's business; and he has, therefore, sustained no damages which are recoverable out of the bond. The fact that the bond actually posted by the appellants provided coverage for *"all costs* and damages" does not require a different result since the term "costs" does not include attorney fees. See *Royal Fin. Co. v. Knipher,* 106 Ga. App. 712 (127 SE2d 922) (1962). The award of attorney fees to the appellee is hereby reversed.

3. The appellant enumerates as error the trial judge's ruling that the appellee was entitled to rescind the contract of sale. He also contends that the judge erred in permitting the appellee to recover the money he had paid on the contract since there was no proof of damages.

This transaction is covered by Article 2 of the Uniform Commercial Code — Sales (Code Ann. § 109A-2—101 et seq.). See Division 1 above. The appellee testified that the appellant's salesman expressly warranted that the equipment he was purchasing was new (see Code Ann. § 109A-2—313). In fact, it was not new. The equipment was also subject to an implied warranty that it was "fit for the ordinary purposes for which such goods are used" (Code Ann. § 109A-2—314 (2) (c)), i.e. dispensing liquor in precise amounts.

The appellee's acceptance of the used equipment in exchange for a reduced purchase price did not cause a corresponding waiver of the implied warranty. The testimony of the appellee and his former employees and of appellant's repairmen all amply supported the trial judge's conclusion that the used equipment was not reasonably fit for its intended purpose. The evidence further established that the appellee's revocation of his acceptance of the equipment was reasonably delayed in order to provide time for the appellant to cure its defects. See Code Ann. § 109A-2—608 (1) (a); *Trailmobile Div. of Pullman, Inc. v. Jones,* 118 Ga. App. 472 (1) (164 SE2d 346) (1968). See generally *Jacobs v. Metro Chrysler-*

*Plymouth, Inc.,* 125 Ga. App. 462 (2) (188 SE2d 250) (1972).

The appellant contends that the appellee failed to give timely notice of his revocation as required by Code Ann. § 109A-2—608 (2). The appellant knew, or should have known through his agents, that the appellee considered the equipment unacceptable so long as it did not work properly. The appellee testified that the equipment was still not in reliable working order in mid-summer 1975 (approximately 6-7 months after installation) so he discontinued using it. Appellant's evidence confirms that repairs were still being made on the machines as late as July 30 and September 2, 1975. The appellee also testified that he called the appellant in October 1975, but was unable to speak with the appellant's president. In November 1975 the president, Mr. Solomon, went to the appellee's place of business, at which time the appellee expressly informed him that he would not accept the equipment.

"What is a reasonable time [to give notice] is ordinarily a matter of fact to be determined by a jury under the particular circumstances of the case. *Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695 (3) (58 SE 200). 'Reasonable time' does not mean 'immediately.' *Williams v. Preferred Mut. Accident Assn.,* 91 Ga. 698 (17 SE 982)." *Trailmobile Div. of Pullman, Inc. v. Jones,* supra, p. 474. While the appellee here did not give the appellant immediate notice of his revocation of acceptance, it cannot be said that, in view of "the nature . . . and circumstances" of this case, the trial judge erred in finding that the delay was reasonable. See Code Ann. § 109A-1—204 (2). The trial judge did not err, therefore, in finding a cancellation of the purchase contract.

The appellant's contention that the award was unauthorized because the appellee failed to prove damages is without merit. Appellee's recovery was for purchase price paid under Code Ann. § 109A-2—711 (1). See *Jacobs v. Metro Chrysler-Plymouth, Inc.,* supra. It was not a recovery of general damages within the meaning of Code Ann. § 109A-2—714 (1). That statute applies only when the time for revocation has passed.

4. The trial judge did not err in failing to award

judgment for the appellant based on acceleration of payments under the original lease agreement since the lease was superseded by the exercise of the purchase option.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED JANUARY 25, 1979.

*Nathan & Nathan, Ivan H. Nathan,* for appellant. *Leon A. Wilson, II,* for appellee.