66167. O'KON & COMPANY, INC. v. TISHMAN SPEYER ATLANTA ASSOCIATES.

SHULMAN, Chief Judge.
Appellant was a tenant in a building owned by appellee. A dispute arose as to whether appellant had exercised the option to renew contained in the lease. In a dispossessory action, the jury determined that appellant had not exercised the option. Approximately five months later, appellant removed from the premises and entered into a new lease agreement with appellees for

another space in the same building. Appellees instituted this action to recover the difference between the rent appellant had paid and the amount appellees had demanded after the expiration of the lease and to recover attorney fees for the former litigation. Appellant raised the defense of accord and satisfaction and, in opposition to appellee's motion for summary judgment, filed an affidavit executed by appellant's president in which he averred that as part of the transaction in leasing the new space, appellee promised to drop all claims against appellant for back rent. This appeal is from the grant of summary judgment to appellee.

OCGA § 13-4-101 (Code Ann. § 20-1201) provides as follows: "Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction of the former agreement, where it is so expressly agreed by the parties . . ." Appellant's affidavit states that there was an express agreement to drop all claims if appellant relocated. Appellant executed this agreement by moving into the new office space.

Appellee argues, however, that there is no enforceable accord and satisfaction between it and appellant because appellant was already legally bound to vacate the premises and therefore did not furnish the consideration necessary to create an enforceable accord and satisfaction. See *Barnes v. Reliable Tractor Co.,* 117 Ga. App. 777 (161 SE2d 918). Nevertheless, a jury might find that appellant's execution of the new lease agreement for an alternate location in appellee's building afforded the necessary consideration. See *Soto v. Bridgers,* 136 Ga. App. 196 (220 SE2d 748). "As a general rule, whether there is accord and satisfaction is a question for the jury. [Cit.] The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is a material issue of fact. [Cits.]" *Woodstock &c. Properties v. Lacy,* 149 Ga. App. 593, 594 (254 SE2d 910). It was error for the trial court to grant summary judgment to appellees since questions of fact remain for jury resolution.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*John Kirby,* for appellant.
*Julie Childs,* for appellee.